# EXHIBIT 2

EXHIBIT 2 - 001



**RON DESANTIS**
Governor

**CORD BYRD**
Secretary of State

September 10, 2024

Tammy Meckley
Associate Director
Immigration Records and Identity Services Directorate
U.S. Citizenship and Immigration Services
5900 Capital Gateway Drive
Camp Springs, MD 20746

*Via E-MAIL & U.S. MAIL*

Re:   ***Demand for Information under 8 U.S.C. § 1373 and 8 U.S.C. § 1644 (\*corrected version - correcting typographical error as to the number of exhibits\*)***

Dear Associate Director Meckley:

Noncitizens cannot vote in Florida elections. *See* Fla. Const., art. VI, § II; § 97.041(1)(a)2., Fla. Stat. Those who do expose themselves to criminal liability.[1] Accurate and up-to-date voter registration rolls help ensure that noncitizens cannot vote and do not violate Florida law. *See* Fla. Stat. § 98.0575(6). And, under both Florida and federal law, the Florida Department of State ("FDOS") is responsible for maintaining these accurate and up-to-date rolls.[2] *See, e.g.*, 42 U.S.C. § 15483(a) (requiring Department to "ensure that voter registration records" "are accurate and are updated regularly"); 42 U.S.C. § 1973gg(b)(4) (establishing procedures to "protect the integrity of the electoral process by ensuring the maintenance of accurate and current voter registration records."); Fla. Stat. § 98.075(1) ("The department shall protect the integrity of the electoral process by ensuring the maintenance of accurate and current voter registration records.").

FDOS must also take affirmative steps to "remove registrants who are ineligible to vote." 42 U.S.C. § 15483(a); *see also* Fla. Stat. § 98.075(4)-(6). Any credible and reliable information of

---

[1] https://www.fdle.state.fl.us/News/2024/April/FDLE-arrests-non-citizen,-felon-for-voter-fraud
https://www.fdle.state.fl.us/News/2022/October/FDLE-arrests-Jamaican-citizen-for-voting-in-U-S-el
*See, e.g.*, 18 U.S.C. § 611; 18 U.S.C. § 911; 18 U.S.C. § 1015(f); 52 U.S.C. § 21144(b); § 104.15, Fla. Stat.; § 104.011(1), (2), Fla. Stat.

[2] In Florida we take this responsibility seriously. Due to recent updates to our voter list maintenance laws, in the last month alone, nearly 26,000 individuals have been removed from Florida voter rolls for ineligibility (e.g., adjudication of mental incapacity without voting rights restored, felony conviction without voting rights restored, death, not a U.S. citizen, did not list a valid Florida residence, determined to be fictitious person), voter request, duplicate record, moved out of state, etc.

R.A. Gray Building • 500 South Bronough Street • Tallahassee, Florida 32399
850.245.6500 • 850.245.6125 (Fax) • DOS.MyFlorida.com

EXHIBIT 2 - 002

ineligibility obtained by FDOS triggers a notice of removal and opportunity for a hearing and can result in a "final determination that a voter is ineligible to vote."[3] Fla. Stat. § 98.075(7). To perform its responsibilities and ensure accurate voter rolls, FDOS must have access to up-to-date citizenship information that can only be obtained from the federal government.

To that end, 8 U.S.C. § 1373 and 8 U.S.C. § 1644 provide a mechanism for FDOS to obtain pertinent information from your office. Section 1373 states:

> Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the [Department of Homeland Security] ("DHS") information regarding the citizenship or immigration status, lawful or unlawful, of any individual.

8 U.S.C. § 1373(a). It goes on to say that "[DHS] *shall* respond to an inquiry by a federal, state, or local government agency seeking to verify or ascertain the citizenship or immigration status of any individual within the jurisdiction of the agency for any purpose authorized by law." *Id.* § 1373(c) (emphasis added). Section 1644 reaffirms FDOS's right to obtain citizenship-related information from your office, as does the United States Supreme Court. *See Arizona v. United States*, 567 U.S. 387 (2012) ("Congress has obligated [DHS] to respond to any request made by state officials for verification of a person's citizenship or immigration status."); *Chamber of Commerce of United States v. Whiting*, 563 U.S. 582 (2011) ("[Section 1373(c)] requires the Federal Government to 'verify or ascertain' an individual's 'citizenship or immigration status' in response to a state request.").

Indeed, FDOS's successful federal lawsuit in 2012 against your office reaffirmed FDOS's right to pertinent, citizenship-related information.[4] More specifically, that case resulted in FDOS obtaining access to the Systematic Alien Verification for Entitlements Program or SAVE database. *See* **Exhibit 1** (Memorandum of Agreement for SAVE).

Although the SAVE database can be helpful,[5] it is nevertheless insufficient. The database requires FDOS to have at least one of the following, specific numeric identifiers: "Alien/USCIS Number (A-Number)," "Form I-94, Arrival/Departure Record Number," "Student and Exchange Visitor Information System (SEVIS) ID number," "Naturalization/Citizenship Certificate Number," "Card/I-797 Receipt Number," "VISA Number," or "Foreign Passport Number (if entered along with a U.S. immigration enumerator)."[6] Florida does not always have access to this information.

---

[3] The individual also has a right to appeal a determination of ineligibility pursuant to § 98.0755, Fla. Stat.

[4] https://dos.fl.gov/communications/press-releases/2012/florida-department-of-state-receives-commitment-from-us-department-of-homeland-security-to-provide-access-to-citizenship-database/

[5] Last month FDOS sent 144 individualized non-citizen files to local Supervisors of Elections for removal from the state voter roll. The SAVE database confirmed that all 144 individuals were non-citizens, validating the state's information. Upon receipt of the state's non-citizen removal file, the Supervisor of Election must begin, within 7 days, the list maintenance process outlined in § 98.075(7), Fla. Stat.

[6] *Tutorial: Introduction to SAVE and the Verification Process for SAVE Users,* DEPARTMENT OF HOMELAND SECURITY. ET AL (Mar. 2024) (available at https://tinyurl.com/msek795k).

EXHIBIT 2 - 003

   Under Florida law, the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") notifies FDOS of persons who self-identified as non-U.S. citizens upon being issued a new or renewed Florida driver's license,[7] Florida identification card, or updated DHSMV record. *See* § 98.093(8)(b), Fla. Stat. This information is highly credible but in some instances lacks the kind of identifiers needed to obtain confirmation through the SAVE database.

   I thus include as **Exhibit 2-9**, the names of specific individuals for whom FDOS has information of non-citizenship but for whom FDOS cannot run a search on the SAVE database. All 8 of these individuals are currently on Florida's voter rolls. For these eight individuals, pursuant to 8 U.S.C. § 1373 and 8 U.S.C. § 1644, I ask for verification of citizenship status **within fourteen days of your receipt of this letter**.

   FDOS understands that your office has the ability to determine an individual's immigration or citizenship status very quickly and without the numeric-identifiers required by the SAVE database. We further understand that the Person Centric Query System allows for verification of immigration or citizenship status with a very limited amount of basic information such as name, date of birth, and address. For each of the eight individuals included in Exhibits 2-9, I have provided you the name, date of birth, address, and any other identifiers or pertinent information FDOS has in its possession.

   The immediate need for accurate citizenship information is critical as we are less than ninety days from the next general election. Given that the law is clear and USCIS's obligations are mandatory, any delay in fulfilling FDOS's (very reasonable) request for 8 individual determinations will undoubtably undermine FDOS's ability to fulfill its statutory obligations to protect the integrity of Florida's election and maintain current and accurate voter registration rolls. We appreciate your expeditious assistance on this matter. If verification is not provided within the time requested, Florida will pursue other remedies, including potential litigation.

Sincerely,

Brad McVay
Deputy Secretary of State
for Legal Affairs & Election Integrity/
Chief Legal Counsel
Florida Department of State
brad.mcvay@dos.fl.gov

cc:
Ur M. Jaddou, Director, U.S. Citizenship and Immigration Services
Jennifer B. Higgins, Deputy Director, U.S. Citizenship and Immigration Services
Felicia Escobar Carrillo, Chief of Staff, Office of the Director
A. Ashley Tabaddor, Chief Counsel, Office of Chief Counsel

---

[7] Florida does not allow illegal aliens to obtain driver's licenses and does not recognize driver's licenses issued in other states to illegal aliens. *See* § 322.033, Fla. Stat.

EXHIBIT 2 - 004