**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

STATE OF FLORIDA, *et al.*,

                  Plaintiffs,

      v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, *et al.*,

               Defendants.

Civil Case Number:
3:24-cv-509-TKW-HTC

## SETTLEMENT AGREEMENT

The State of Florida, the Florida Department of State, the State of Ohio, Frank LaRose (in his official capacity as Ohio Secretary of State), the State of Indiana, Diego Morales (in his official capacity as Indiana Secretary of State), Brenna Bird (in her official capacity as the Attorney General of Iowa), and Paul Pate (in his official capacity as the Secretary of State of Iowa) ("Plaintiffs") and the United States Department of Homeland Security ("DHS") and Kristi Noem (in her official capacity as Secretary of Homeland Security) ("Defendants") (collectively, "the Parties") hereby enter into this Settlement Agreement:

**Plaintiffs' Release and Dismissal of Claims**

    1.    Upon the execution and subject to the faithful implementation of this Settlement Agreement, Plaintiffs hereby release and discharge for a period of twenty

1

years Defendants, and their successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiffs assert or could have asserted in this litigation, or which hereinafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the causes of action alleged in the Complaint or the Amended Complaint.

2.       The release in Paragraph 1 shall not apply to any dispute related to the obligations set forth in this Settlement Agreement.  The Parties agree that any disputes relating to compliance with the terms of this Settlement Agreement shall be governed by Paragraph 23 of this Settlement Agreement ("Dispute Resolution").

3.       Within 5 calendar days of the execution of this Settlement Agreement, Plaintiffs will seek the dismissal with prejudice of this lawsuit by having counsel file a Motion to Dismiss with Prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Defendants will not oppose the filing of that motion.

**Plaintiffs' Duties and Obligations**

4.       Within 90 days of the execution of this Settlement Agreement, unless it proves to be unnecessary in the judgment of the Parties, Plaintiffs will negotiate in good faith with Defendants to execute a new Information Sharing Agreement ("ISA") to assist in improving and modernizing the Systematic Alien Verification for Entitlements ("SAVE") system.

2

5.    Within 90 days of the execution of this Settlement Agreement, unless it proves to be unnecessary in the judgment of the Parties, Plaintiffs will negotiate in good faith with Defendants to execute a new or updated Memorandum of Agreement ("MOA") concerning the SAVE verification system.

6.    Within 90 days of the execution of this Settlement Agreement, and consistent with any new ISA, representatives from each State Plaintiff (*i.e.*, Florida, Ohio, Iowa, and Indiana) may provide Defendants with 1,000 randomly selected driver's license records from their state (including First Name, Last Name, Date of Birth, Driver's License Number or State Identification Number, and State of issuance), for which verification is requested, and for assistance in developing and improving functionality for SAVE by making state-level data available to SAVE.

7.    Any State Plaintiff that provides these records will, consistent with applicable law, make best efforts to support and encourage DHS's efforts to receive and have full use of state driver's license records from the National Law Enforcement Telecommunications System ("NLETS") and the relevant State driver's license agency or agencies.

**Defendants' Duties and Obligations**

8.    Within 90 days of the execution of this Settlement Agreement, unless it proves to be unnecessary in the judgment of the Parties, Defendants agree to enter into an ISA with Plaintiffs for the purpose of improving and modernizing the SAVE system.

3

9. Within 90 days of the execution of this Settlement Agreement, unless it proves to be unnecessary in the judgment of the Parties, Defendants agree to enter into a new or updated MOA with Plaintiffs concerning the SAVE verification system.

10. No later than 60 days after the execution of this Settlement Agreement, Defendants will ensure that the SAVE system has, at a minimum, the following capabilities:

    a.    Free service for state, territorial, tribal, and local government agencies.

    b.    Integration with the Social Security Administration to allow searches with full Social Security Numbers (SSNs) to be used as a non-DHS enumerator.

    c.    Integration with the Social Security Administration to allow searches with last-four-digits SSNs to be used as a non-DHS enumerator.

    d.    The capacity to process bulk upload verification requests so that users of the system will not need to input verification requests one-by-one.

    e.    The capacity to provide data supporting each verification, and a paper verifiable output that can be relied on by the user, including but not limited to identifying the supporting document type and

number queried, and issue date of citizenship where available. This information may be provided by a downloadable .csv file.

f.    The capacity to obtain U.S. citizenship or immigration-status information, either within 48 hours (for initial verification) or within SAVE's estimated "Additional Verification Response Time," as reported on the SAVE website, (for additional or manual verification), when provided the following data points:

    i.    First name and last name; and

    ii.    Date of birth; and

    iii.    At least one of the following:

        1.    A government-issued immigration enumerator (*e.g.*, A-Number/USCIS Number, SEVIS ID, I-94 Number, Naturalization/Citizenship Certificate Number, Card Number / I-797 Receipt Number, or Visa Number); or

        2.    Other government-issued enumerator permitted by SAVE (*e.g.*, a full SSN, or the last-four-digits of an SSN).

11.    Defendants will ensure that all of the capabilities described in Paragraph 10 remain operational, absent (a) a modification or amendment to this Settlement Agreement as described in Paragraph 20, or (b) unforeseen technical limitations that arise after the execution of this Settlement Agreement. In the event

5

unforeseen technical limitations arise that impair the operationality of the capabilities described in Paragraph 10, Defendants will make best efforts to restore the capabilities' operationality as soon as practicable and will keep Plaintiffs apprised of their efforts to do so.

12.    Within 30 business days of the execution of this Settlement Agreement, Defendants will provide SAVE verification for all outstanding cases Plaintiffs have pending in which they do not possess an alien number, but where the State can timely provide a full or partial (last 4-digits) Social Security Number.

13.    Defendants may, in their discretion, undertake a feasibility study to determine whether the SAVE system could be enhanced or another system developed that would allow Plaintiffs to obtain U.S. citizenship or immigration-status information when providing only first name and last name and date of birth. Defendants may, in their discretion, work with Plaintiffs to construct any such study and report the results of any such study to Plaintiffs.

**Miscellaneous Provisions**

14.    Each undersigned representative certifies that he or she is fully authorized to enter into the terms and conditions of this Settlement Agreement and to execute and legally bind the Parties he or she represents to this document.

15.    The parties acknowledge that this Settlement Agreement is entered into solely for the purpose of settling and compromising the claims in this action without further litigation, and it shall not be construed as evidence or as an admission regarding any issues of law or fact, or regarding the truth or validity of any allegation

6

or claim raised in this action, or as evidence or as an admission by Defendants regarding Plaintiffs' entitlement to any relief (including attorneys' fees or other litigation costs), or regarding the propriety of venue in this district.

16.    This Settlement Agreement is not intended to create, and does not create, any third-party beneficiary rights or any other kind of right or privilege for any person, group, or entity.

17.    Nothing contained in this Settlement Agreement shall impose on Defendants any duty, obligation, or requirement, the performance of which would be inconsistent with the United States Constitution, or with any federal statute in effect at the time of such performance.

18.    This Settlement Agreement (including Exhibits) constitutes the entire agreement among the Parties and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the Settlement Agreement.

19.    This Settlement Agreement may be executed in counterparts, and is effective on the date by which all Parties have executed this Agreement. Facsimiles and PDF versions of signatures (including electronic signatures or "/s/" signatures) shall constitute acceptable, binding signatures for purposes of this Agreement.

20.    The provisions of this Settlement Agreement are severable. Should any provision of this Settlement Agreement, for any reason, be deemed or held invalid or unenforceable, in whole or in part, by a court of law, said determination shall not affect any other provision of this Settlement Agreement.

21.    This Settlement Agreement cannot be modified or amended except through a written instrument that specifically refers to this Settlement Agreement and that is signed by the Parties or their counsel. No provision of this Settlement Agreement may be waived or altered except through a written waiver or amendment signed by the Parties or their counsel acting on their behalf.

22.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, executors, successors, assigns and personal representatives, including any persons, entities, departments or agencies succeeding to the interests or obligations of the Parties.

### Dispute Resolution

23.    Plaintiffs, either jointly or individually, may allege a breach of the terms and conditions of this Settlement Agreement only in the manner described as follows:

    a.    Plaintiffs may elect to file: (1) a motion pursuant to Fed. R. Civ. P. 60(b)(6) seeking relief from the dismissal of this lawsuit; or (2) a motion or new action to enforce this settlement agreement.

    b.    Prior to filing any such motion or action, the Parties shall meet and confer in an attempt to resolve the dispute without the need for judicial intervention. As part of the meet-and-confer process, counsel for Plaintiffs shall submit written notice alleging a breach of this Settlement Agreement to counsel for Defendants. Such notice shall specify the basis for the alleged breach, the

provision(s) of this Settlement Agreement that allegedly has been breached, the facts and circumstances supporting such claim, and whether relief will be sought under Fed. R. Civ. P. 60(b)(6). Plaintiffs shall not inform the Court of its allegation(s) at that time. However, if Plaintiffs believe irreparable injury may occur absent immediate action (in "Emergency Circumstances") and if Defendants decline to preserve the status quo ante (*i.e.*, the status quo before the act(s) alleged to constitute a breach) upon notice, Plaintiffs may immediately initiate proceedings before the Court to preserve the status quo, provided the Parties meet and confer before initiating any such proceedings.

c.  The notice of any alleged breach of this Settlement Agreement by Defendants must be submitted within ninety (90) days after Plaintiffs have, or should have had, knowledge of any alleged breach. Any and all assertions of breach shall be forever waived if not asserted within the applicable limitations period.

d.  Defendants shall have a period of forty-five (45) days after the receipt of such notice to take appropriate action to resolve the alleged claim. However, as noted above in Paragraph 22(b), Plaintiffs may initiate court proceedings prior to expiration of Defendants' 45-day period for response in Emergency Circumstances. In the event of any notice of breach, if requested

9

to do so, Plaintiffs shall provide to Defendants any information and materials available to Plaintiffs that support the violation alleged in the notice.

e.  If any assertion of breach by Plaintiffs is not resolved after consultation between the Parties' counsel within the forty-five (45) day period, or if, prior to the expiration of such forty-five (45) day period, counsel for Defendants advise counsel for Plaintiffs that no further action will be taken by Defendants, Plaintiffs may seek relief described in subparagraph (a).  The 45-day period will not apply in Emergency Circumstances as set forth in Paragraph 22(b).

f.  Defendants' consent to the filing of a motion pursuant to Fed. R. Civ. P. 60(b)(6) or the filing of a motion or a new action to enforce this Settlement Agreement shall not be deemed to waive any available defenses to the substance of such motion or new action, including without limitation any and all jurisdictional defenses and any right or authority to contend that no breach of this Settlement Agreement has occurred, and Defendants otherwise reserve all available defenses to such motion, including without limitation any and all jurisdictional defenses and any right or authority to contend that no breach of this Settlement Agreement has occurred.  Defendants' consent is not

required for Plaintiffs to initiate court proceedings, provided that the Parties have met and conferred as set forth in Paragraph 22(b).

g. Notwithstanding any motion or action filed by Plaintiffs, the Parties may continue to meet and confer in a good-faith attempt to resolve their dispute.

h. This Settlement Agreement does not foreclose Plaintiffs from bringing any other measure to allege a breach by Defendants, but Defendants reserve the right to oppose such relief on any available ground, including without limitation any and all jurisdictional defenses and any right or authority to contend that no breach of this Settlement Agreement has occurred.

i. Plaintiffs agree, however, that they will seek relief through the mechanisms defined in this section prior to seeking relief through any other measure and shall only seek relief through other measures should the Court deny a motion or dismiss an action brought by Plaintiffs under subparagraph (a) concerning the alleged breach for which Plaintiffs seek enforcement through other measures. This Settlement Agreement shall not be construed as Defendants conceding that any particular pleading or action by Plaintiffs is available.

j.      The parties agree to request that the Court retain jurisdiction over this case for a period of twenty years from the date of the Court's order of dismissal for the purpose of enforcement of the parties' Settlement Agreement. The parties further agree that a party may request that the Court extend its jurisdiction if: (1) settlement obligations are not completed within those twenty years; or (2) the party believes it necessary for the Court to continue to retain jurisdiction to enforce the parties' Settlement Agreement.

k.      The parties agree that they will be subject to the jurisdiction of the Court in the event of a violation of this Settlement Agreement.

*     *     *

SO STIPULATED AND AGREED this 28th day of November, 2025.

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Branch Director

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI
Florida Bar No. 1041279
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*


*/s/ Jason J. Muehlhoff*
*Chief Deputy Solicitor General*
Office of the Attorney General The
Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
jason.muehlhoff@myfloridalegal.com

*Counsel for Plaintiffs State of Florida
and the Florida Department of State*

*/s/ Ashley E. Davis*
Ashley E. Davis (FBN 48032)
*General Counsel*
FLORIDA DEPARTMENT OF STATE
500 South Bronough Street, Suite 100
Tallahassee, Florida 32399-0250

13

(p): (850) 245-6531
(f): (850) 245-6125
ashley.davis@dos.fl.gov

*Counsel for Plaintiff the Florida
Department of State*

*/s/ R. Trent McCotter*
R. TRENT MCCOTTER
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, #900
Washington, DC 20006
(202) 955-0620
tmccotter@boydengray.com

*Counsel for Plaintiffs State of Ohio and
Frank LaRose*

*/s/ Eric H. Wessan*
ERIC H. WESSAN
Solicitor General

1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov

*Counsel for Plaintiffs Brenna Bird and
Paul Pate*

*/s/ Blake E. Lanning*
Blake E. Lanning
*Assistant Chief Deputy*

*/s/ William D. Young*
William D. Young
*Director of Policy and Strategic
Initiatives*

14

Office of the Indiana Attorney General
IGC South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
(317) 232-6201
Blake.Lanning@atg.in.gov
William.Young@atg.in.gov

*Counsel for Plaintiffs State of Indiana
and Diego Morales*

**EXHIBIT TO SETTLEMENT AGREEMENT**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

---

STATE OF FLORIDA, *et al.*,

                Plaintiffs,

      v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, *et al.*,

            Defendants.

---

                                      Civil Case Number:
                                      3:24-cv-509-TKW-HTC

## PLAINTIFFS' UNOPPOSED MOTION TO DISMISS WITH PREJUDICE

      The parties have executed a settlement agreement that resolves the above-captioned case, a copy of which is attached to this motion as Exhibit 1. In accordance with that agreement, Plaintiffs move to dismiss this case with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, subject to the Court's approval of and retention of jurisdiction to enforce the Parties' settlement agreement. Each party shall bear its own costs and attorneys' fees. Defendants do not oppose this motion. A proposed order agreed upon by all parties is attached.

                                Respectfully submitted,

JAMES UTHMEIER
ATTORNEY GENERAL

*/s/ Caleb Stephens*
JEFFREY PAUL DESOUSA (FBN 110951)
*Acting Solicitor General*
JASON J. MUEHLHOFF
*Chief Deputy Solicitor General*
CALEB STEPHENS (FBN 1050554)
*Assistant Solicitor General*

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
caleb.stephens@myfloridalegal.com
jason.muehlhoff@myfloridalegal.com
jenna.hodges@myfloridalegal.com

*Counsel for Plaintiffs State of Florida and
the Florida Department of State*

*/s/ Ashley E. Davis*
Ashley E. Davis (FBN 48032)
*General Counsel*
FLORIDA DEPARTMENT OF STATE
500 South Bronough Street, Suite 100
Tallahassee, Florida 32399-0250
(p): (850) 245-6531
(f): (850) 245-6125
ashley.davis@dos.fl.gov

*Counsel for Plaintiff the Florida
Department of State*

*/s/ R. Trent McCotter*
R. TRENT MCCOTTER
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, #900

18

Washington, DC 20006
(202) 955-0620
tmccotter@boydengray.com

*Counsel for Plaintiffs State of Ohio and Frank LaRose*

BRENNA BIRD
Attorney General of Iowa

*/s/ Patrick Valencia*
ERIC H. WESSAN
Solicitor General
PATRICK C. VALENCIA
Deputy Solicitor General
ANGELA STUEDEMANN
Assistant Attorney General

1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov
patrick.valencia@ag.iowa.gov
angela.stuedemann@ag.iowa.gov

*Counsel for Plaintiffs Brenna Bird and Paul Pate*

THEODORE E. ROKITA
*Attorney General of Indiana*

*/s/Blake E. Lanning*
Blake E. Lanning
*Assistant Chief Deputy*

*/s/William D. Young*
William D. Young
*Director of Policy and Strategic Initiatives*

19

Office of the Indiana Attorney General
IGC South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
(317) 232-6201
Blake.Lanning@atg.in.gov
William.Young@atg.in.gov

*Counsel for Plaintiffs State of Indiana and Diego Morales*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

STATE OF FLORIDA, *et al.*,

        Plaintiffs,

    v.

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, *et al.*,

        Defendants.

Civil Case Number:
3:24-cv-509-TKW-HTC

## [Proposed] ORDER

Upon consideration of Plaintiffs' unopposed motion to dismiss with prejudice, it is hereby

**ORDERED** that the motion is **GRANTED**, it is further

**ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**, under Federal Rule of Civil Procedure 41(a)(2); it is further

**ORDERED** that each party shall bear its own costs and attorneys' fees; it is further

**ORDERED** that the Court retains jurisdiction over this case for a period of twenty years from the date of this order for the purpose of enforcement of the parties' settlement agreement, which is approved by and incorporated by reference into this

21

order.  A party may request that the Court extend its jurisdiction if: (1) settlement obligations are not completed within those twenty years; or (2) the party believes it necessary for the Court to continue to retain jurisdiction to enforce the parties' Settlement Agreement.  Any such request shall be submitted by motion.  Any party may, upon notice, seek to enforce the settlement agreement either by motion or a new action brought in this Court, under the terms set forth in the parties' Settlement Agreement.

**DONE and ORDERED** this _____ day of _____, 2025.


_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**