# Exhibit 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

STATE OF FLORIDA, *et al.*,
      Plaintiffs,

v.                                                                 Case No. 3:24-cv-509-TKW-HTC

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, *et al.*,
      Defendants.

_____/

**DECLARATION OF MARIA MATTHEWS**

I, Maria Matthews, consistent with section 92.525, Florida Statutes (2026), hereby state:

1.     I am over 18 years of age, am competent to testify, and declare the following facts based on my own personal knowledge.

2.     I have served as the Director of the Division of Elections of the Department of State since January 2013. I am also an attorney licensed to practice in Florida. As Director, I am responsible for the Division's performance of its duties under the Florida Election Code and I aid Florida's Secretary of State in the performance of his responsibilities as chief election officer of the state. *See e.g.* Fla. Stat. § 97.012. I also routinely interact with Florida's 67 Supervisors of Elections and provide guidance to them in the performance of their duties. *See* Fla. Stat. 106.23(2).

3.     Section 98.075, Florida Statutes, requires the Division to actively identify registered voters who are potentially ineligible on the basis of noncitizen status and to proceed with removal. Fla. Stat. § 98.075(4)-(7) (including notice, and opportunity for hearing before removal by the Supervisor of Elections); *see also* 52 U.S.C. § 15483(a) (requiring states to "remove registrants who are ineligible to vote"). To that end, it is the Division's (and Supervisors') "duty to act upon direct receipt of, access to, or knowledge of information from any governmental entity that

1

identifies a registered voter as potentially ineligible." *Id.* at (6). "In order to identify ineligible registered voters and maintain accurate and current voter registration records," "it is necessary for the [Division] and supervisors of elections to receive or access certain information from state and *federal* officials and entities." Fla. Stat. § 98.093(1) (emphasis added); *see also* Ch. 2026-26, Laws of Fla. (known as the "Florida SAVE Act," pertinent parts of which will take effect on January 1, 2027).

4.  The more accurate the information of potential ineligibility the better, because Florida acts only on "credible and reliable" information in proceeding with removal. Fla. Sta. § 98.075(6)-(7). The more efficiently it can query databases of relevant information the better, because Florida had almost 14 million registered voters for the 2024 General Election. And the more data points that can be used to search those databases the better, because registration data does not include immigration data.

5.  Florida entered a settlement agreement in this action in order to get that better accuracy, efficiency, and functionality from SAVE. Since the settlement agreement went into effect, the Division has been able to perform bulk uploads of voter registration data, search with a social security number instead of or in addition to U.S. government issued immigration number such as an alien number, and receive timelier responses affirming U.S citizen status or non U.S. citizen status. Unfortunately, we lost that capability beginning around Wednesday, June 24, 2026. Without the functionality provided for in the settlement agreement, we cannot identify potential noncitizens as accurately, efficiently, and timely to perform the daily duty of eligibility list maintenance that Florida law requires even through an election cycle and to ensure that only eligible registered voters who are U.S. citizens are casting votes in our elections.

2

6.      Voting begins in Florida for the 2026 election cycle as soon as vote-by-mail ballots begin to be mailed no later than **July 4, 2026**, for the statewide primary election set for **August 18, 2026**.  *See* Fla. Stat. § 101.62(3).  Early in-person voting then begins as early as **August 3, 2026,** for the primary election.  *See* Fla. Stat. § 101.657(1)(d). Our duty to ensure that our voter registration records are accurate and current is a daily responsibility.

Under penalties of perjury, I declare that I have read the foregoing declaration and that the facts stated in it are true.

Executed this 26th day of June, 2026.

<u>/s/ Maria Matthews</u>
Maria Matthews
Director of the Division of Elections, Florida
Department of State

3