# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

STATE OF FLORIDA, *et al.*,            :
                                       :
    Plaintiffs,          :
                                       :
                                       :
    v.                   :        CASE NO.  3:24-cv-509-TKW-HTC
                                       :
                                       :
UNITED STATES DEPARTMENT               :
OF HOMELAND SECURITY, *et al.*,        :
                                       :
    Defendants.          :

---

## DECLARATION OF BRIAN KATZ

---

I, Brian Katz, hereby state that I am over the age of eighteen years and am competent to testify to the following on the basis of personal, firsthand knowledge:

1. I currently serve as the Director and Counsel of the Public Integrity Division of the Ohio Secretary of State's Office. I have served in this position since October 2022. I previously served as the Director of the Campaign Finance Unit in the Elections Division of the Secretary of State's Office, beginning in January 2019.

2. In my capacity as Director of the Public Integrity Division, I lead the office's Campaign Finance Unit, Safe at Home Unit, Election Integrity Unit, National Voter Registration Act efforts, and Board of Voting Systems Examiners administration.

3. Ohio law imposes upon the Secretary of State's Office affirmative legal duties to utilize the Systematic Alien Verification for Entitlements (SAVE) system as a means of ensuring accurate identification and removal of deceased and noncitizen voters from Ohio's voter rolls.

4. The Ohio Revised Code requires the Secretary of State to conduct at least monthly reviews of Ohio's Statewide Voter Registration Database to identify noncitizen voters. *See* R.C. 3503.152(A) (2026). To ascertain the citizenship status of an Ohio voter for this purpose, the Revised Code requires the Secretary of State to consult the SAVE database. R.C. 3503.152(A)(2) (2026).

5. The Ohio Revised Code also requires the Secretary of State to prepare and transmit a monthly report to each county Board of Elections that identifies registered voters in the county who have died, based on information the Secretary of State receives from—among other state and federal sources—the SAVE database. R.C. 3503.18(B) (2026).

6. Although Ohio's reliance on the SAVE database was statutorily codified in March 2026, the Secretary of State has consulted the SAVE database to ensure accurate removal of noncitizen voters since at least August 2024, when the Secretary of State promulgated Directive 2024-16. After the United States Department of Homeland Security granted Ohio access to the SAVE system to verify the citizenship status of Ohio voters in the summer of 2024, the Secretary of State utilized the Directive to establish a process for Boards of Elections to follow in removing noncitizen voters from Ohio's voter rolls.

7. Ohio's current use of the SAVE system to ensure accurate removal of deceased and noncitizen voters is not only expressly required by Ohio law—it also aligns with one of the foundational purposes of the National Voter Registration Act (NVRA): to "ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(4).

8. The settlement agreement achieved in this case ensured that Ohio, among other states, could reliably consult the SAVE system in order to accurately and efficiently review the citizenship records of Ohio voters as a means of safeguarding the integrity of Ohio's elections. However, as a result of the recent decision in *League of Women Voters, et al., v. U.S. Dep't of Homeland Sec., et al.*, No. 1:25-cv-3501 (D.D.C. June 22, 2026), the Secretary of State's Office has been blocked from utilizing much of the SAVE system's functionality. Specifically, the Secretary of State's Office now cannot perform bulk uploads of voter registration data, cannot search citizenship records using social security numbers, and cannot search the records of deceased voters using master death files.

9. This severely limited functionality contradicts the terms of the settlement agreement reached between Ohio and the federal government and imperils Ohio's accurate identification and removal of noncitizen voters. At minimum, this limited functionality prevents Ohio from complying with both state laws requiring consultation with the SAVE database and federal objectives imposed on Ohio under the NVRA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Brian Katz
Public Integrity Division Director
and Counsel
Office of the Ohio Secretary of State

Executed this 29th day of June, 2026.

2