UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**State of Florida** and the **Florida Department of State**, et al.,

Plaintiffs,

v.

**Department of Homeland Security** and **Alejandro Mayorkas**

Defendants.

Case No. 3:24-cv-509-TKW-HTC

**Unopposed Motion of League of Women Voters and Electronic Privacy Information Center for Leave to File a Brief as *Amici Curiae***

Proposed *amici* League of Women Voters and Electronic Privacy Information Center respectfully seek the Court's leave to file the accompanying brief, attached as Exhibit 1, as *amici curiae* in opposition to Plaintiff's Emergency Motion to Enforce Settlement Agreement, ECF No. 32. Counsel for proposed *amici* has conferred with counsel for Plaintiffs and counsel for Defendants; all parties have indicated that they take no position on or do not oppose the filing of this brief.

Proposed *amicus* League of Women Voters ("LWV") is a nonprofit, nonpartisan, grassroots, community-based membership organization headquartered in Washington, D.C., that promotes political responsibility by encouraging Americans to participate in the electoral process. Founded in 1920 as an outgrowth

1

of the struggle to win voting rights for women, LWV now has more than a million members and supporters and is organized in more than 750 communities and in every state and the District of Columbia. LWV comprises two entities: the League of Women Voters of the United States ("LWVUS") and the League of Women Voters Education Fund ("LWVEF"). LWVUS is a 501(c)(4) social welfare organization that encourages informed and active participation in government, works to increase understanding of major public policy issues, and influences public policy through education and advocacy. LWVEF is a 501(c)(3) organization and works to register and provide voters with election information through its election resource VOTE411.org, candidate forums, and debates.

As part of its mission, LWV—with its state and local Leagues[1]—operates one of the longest-running and largest nonpartisan voter registration efforts in the nation. Through its work, LWV registers many thousands of voters every election cycle and is instrumental in ensuring access to voter registration for all eligible voters, including naturalized and derived U.S. citizens. With its state and local Leagues, LWV maintains VOTE411.org, an award-winning, nonpartisan, online resource

---

[1] Affiliates of the League of Women Voters are referred to as state or local "Leagues" as opposed to chapters or branches. The "League" refers to the entire organization.

committed to ensuring voters have the information they need to successfully participate in every election—local, state, and federal.

Plaintiff EPIC is a nonprofit organization, headquartered in Washington, D.C., established in 1994 to focus public attention on emerging privacy and civil liberties issues. Central to EPIC's mission is oversight and analysis of government activities that impact individual privacy. EPIC is a membership organization. An individual member of EPIC is any person who contributes to the advancement of EPIC's mission, who acts in accordance with the core values and policies of EPIC, and who has been recognized and registered as a member by EPIC, by virtue of payment of annual dues or having been granted a dues waiver. This includes members of EPIC's Advisory Board, who are distinguished experts in law, technology, and public policy.

Proposed *amici* are plaintiffs in a case challenging the U.S. Department of Homeland Security (DHS), Department of Justice, and Social Security Administration's overhaul of the Systematic Alien Verification for Entitlements (SAVE) system–the same system at issue here. *See League of Women Voters v. DHS*, -- F. Supp. 3d --, 2026 WL 1784297, at *1 (D.D.C. June 22, 2026). The court in that case granted summary judgment in favor of proposed *amici*, finding that they were harmed by the unlawful overhaul of the SAVE system, and vacated the challenged functionalities of the system in order to remedy their harms. Plaintiff is requesting the restoration of these vacated parts of SAVE, which would in turn reimpose

proposed *amici*'s injuries. Proposed *amici* seek leave to submit an amicus brief to assist this Court in deciding the pending motion.

**MEMORANDUM OF LAW IN SUPPORT**

District courts have the "inherent authority" to permit the filing of an amicus brief. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Florida by and through McCollum v. U.S. Dep't of Health & Hum. Servs.*, No. 3:10-cv-91-RV/EMT, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010). "Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case." *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990).

Leave to file an *amicus* brief is generally granted when proposed *amici* demonstrate "(1) that the *amicus* has an interest that may be affected by the decision in this case; (2) that the *amicus* brief is desirable and relevant to the disposition of the case; and (3) that the *amicus* has unique information or perspective that can help the court *beyond* the help that the lawyers for the 'already well represented' parties are able to provide." *U.S. Health & Hum. Servs.*, 2010 WL 11570635, at *2 (emphasis in original). Courts have also considered "whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice." *Creedle v. Gimenez*, 2017 WL 5159602, at *2 (S.D. Fla. Nov. 7, 2017) (quoting *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927

4

(S.D. Tex. 2007)); *see also Liberty Res., Inc. v. Phila. Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (finding amicus participation is appropriate where the amicus "will ensure complete and plenary presentation of difficult issues so that the court may reach a proper decision" or where a case involves an "issue of general public interest[.]"). These conditions are satisfied here.

Proposed *amici* have a strong interest in not being continually harmed by the overhauled SAVE system–and this interest will be affected by the Court's decision in this case. Proposed *amici*'s brief provides arguments as to why the settlement agreement at issue does not require the reinstatement of the vacated SAVE functionalities for contractual, jurisdictional, and public policy reasons. This perspective is critically absent from the arguments by the existing parties. Proposed *amici* believe that their brief will allow the court to evaluate the perspectives needed to ensure the "administration of justice." *Creedle*, 2017 WL 5159602, at *2 (quoting *Deloitte Consulting LLP*, 512 F. Supp. 2d at 927.

Accordingly, proposed *amici* respectfully request that the Court grant leave to file their proposed brief, attached as Exhibit 1.

Dated: July 1, 2026

*/s/ Gerald E. Greenberg*
GERALD E. GREENBERG
Florida Bar No. 440094
ggreenberg@gsgpa.com
DANIEL R. WALSH
Florida Bar No. 0124282
dwalsh@gsgpa.com
GELBER SCHACHTER &
GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, Florida 33131
Telephone: (305) 728-0950
E-service: efilings@gsgpa.com

Lauren C. Bingham
Florida Bar No. 105745
LBingham@citizensforethics.org
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
(202) 408-5565

Respectfully submitted,

Aman T. George*
D.C. Bar No. 1028445
ageorge@democracyforward.org
DEMOCRACY FORWARD FOUNDATION
P.O. BOX 34553
WASHINGTON, D.C. 20043
(202) 448-9090

 *Counsel for Proposed Amici*

*pro hac vice application forthcoming

6

## LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that I have complied with Local Rule 7.1(B). Counsel for proposed *amici* conferred with counsel for all parties on July 1, 2026, prior to filing. Counsel for Plaintiffs Florida, Iowa, Ohio, and Indiana all indicated that they take no position on proposed *amici*'s motion. Counsel for Defendants stated that they do not oppose the motion.

*/s/ Gerald E. Greenberg*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Florida through the CM/ECF system, which will serve a true and correct copy on all counsel of record who have consented to electronic service.

*/s/ Gerald E. Greenberg*

8