**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

STATE OF FLORIDA and the
FLORIDA DEPARTMENT OF STATE, et al.

    *Plaintiffs,*

    v.                          Case No. 3:24-cv-509-TKW-HTC

The DEPARTMENT OF HOMELAND SECURITY;
and ALEJANDRO MAYORKAS, in his
Official capacity as Secretary
of the United States
Department of Homeland Security,

    *Defendants.*

_____/

**<u>REPLY IN SUPPORT OF EMERGENCY MOTION TO ENFORCE</u>**
**<u>SETTLEMENT AGREEMENT</u>**

Plaintiffs offer three points in reply in support of their motion to enforce the settlement agreement.

***First***, it is hard to overstate the harm Plaintiffs are facing from the relevant SAVE features being disactivated. After securing a lasting and binding settlement agreement, Plaintiffs incorporated these SAVE features into State law. *See* Mot. to Enforce at 2 (citing statutes). D.C. District Court Judge Sparkle L. Sooknanan's order vacating those features leaves Plaintiffs in limbo.[1]

---

[1] Moreover, Defendants admitted in their stay application to Judge Sooknanan that "compliance with" her vacatur order "definitionally brings Defendants out of compliance with [their] settlement agreement entered in the Northern District of Florida," and that "DHS is . . . maintaining dual-track capabilities—*i.e.*, both the 'old' SAVE and the modified SAVE systems," enabling this court to grant limited

As just one example, Iowa has integrated SAVE into its professional licensing statutory scheme, meaning SAVE verification is statutorily required before Iowa can grant professional licenses in numerous industries. *See* ECF 34 at ¶ 7 (Declaration of Aaron Baack). Without these SAVE features, licenses cannot be issued, and there is already a backlog of over 350 professionals who cannot be cleared to get their license. *See id.* at ¶ 10. This means there are fewer medical and educational professionals available to serve Iowans. *Id.* at ¶ 13. Neither Judge Sooknanan nor amici League of Woman Voters gave meaningful attention to these real-world harms. *See League of Women Voters*, 2026 WL 1784297, at *35 (D.D.C. June 22, 2026).

Defendants, for their part, ask this Court to delay issuing any order "until stay proceedings in *League of Women Voters* are fully resolved." Opp. Mot. at 4. But that too is insufficient for the States. Even under the emergency briefing schedule in the *League of Women Voters* litigation, the district court stay briefing does not conclude until July 7. *Id.* at 3. The district court is unlikely to stay its own ruling, so relief is unlikely until the D.C. Circuit steps in—if it steps in at all. Plaintiffs should not be forced to wait indefinitely and hope that another court will afford them the relief they already secured in this Court through the settlement agreement.

"[A] State's inability to enforce its duly enacted plans clearly inflicts irreparable harm on the State." *Abbott v. Perez*, 585 U.S. 579, 602 n.17 (2018); *see*

emergency relief by ordering Defendants to provide only the States that are parties to the settlement agreement with access to the modified SAVE system while giving all other users access only to "old" SAVE. *League of Women Voters v. DHS*, No. 1:25-cv-03501-(D.D.C. July 1, 2026), ECF No. 116-1 at 13, 4 (ECF pagination).

*also Friends of the Everglades, Inc. v. Sec'y of United States Dep't of Homeland Sec.*, No. 25-12873, 2025 WL 2598567, at *10 (11th Cir. Sept. 4, 2025).  It is possible that a D.C. Court may stop further harms for Plaintiffs at some point in the future, but this Court is best positioned to give that relief *now*.

**Second**, the settlement agreement does not "impose on Defendants any duty, obligation, or requirement, the performance of which would be inconsistent with the United States Constitution, or with any federal statute in effect at the time of such performance."  ECF 30-1, ¶ 17.  To be sure, Judge Sooknanan held otherwise.  *See League of Women Voters*, 2026 WL 1784297 at *35.  But that order is clearly wrong, as Defendants have vigorously argued.  *See* ECF No. 116, No. 1:25-cv-003501-SLS (July 1, 2026) (motion for stay pending appeal).  And "[a] district court is not bound by another district court's decision," *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991), much less one as clearly erroneous as Judge Sooknanan's decision here.  This Court is therefore under no obligation to defer to another court and hold that performance of the settlement agreement is inconsistent with any federal statute.  *See* ECF 30-1, ¶ 17.

Given this reality, Defendants fall back to principles of comity and respect for other court decisions as reason to not enforce the agreement.  *See* Opp. Mot. at 6.  If those principles sound familiar, it's because Defendants made the same argument in front of Judge Sooknanan.  Yet that court dismissed arguments about this suit and settlement agreement as "unavailing."  *League of Women Voters*, 2026 WL 1784297, at *35.  It therefore "seems particularly inappropriate that [this Court] should defer

3

to another court when the other court has explicitly noted that deference is not necessary." *Emrick v. Bethlehem Steel Corp.*, 624 F.2d 450, 454 (3d Cir. 1980).

***Third***, this Court has jurisdiction to enforce the settlement agreement. Defendants remarkably contend otherwise, *see* Opp. Mot. at 8–9, even though they specifically "agree[d] that they will be *subject to the jurisdiction of [this] Court* in the event of a violation of this Settlement Agreement." ECF 30-1 ¶ 23k (emphasis added). Defendants' about-face is inconsistent with their obligations under the agreement. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 217 (1985) ("Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party."). Defendants agreed to be subject to this Court's jurisdiction and never raised any jurisdictional concern during settlement negotiations or when signing the settlement agreement before this Court. They should not be rewarded for attempting this gimmick now.

Fortunately, Defendants' jurisdictional argument is also wrong on the merits. The Tucker Act requires only "that claims against the United States for amounts *in excess of $10,000* founded on contracts with the United States must be brought in the Court of Claims." *Friedman v. United States*, 391 F.3d 1313, 1315 (11th Cir. 2004) (emphasis added). For claims under $10,000, the "companion" statute—the Little Tucker Act—applies. *See United States v. Bormes*, 568 U.S. 6, 10 (2012). And the Little Tucker Act ensures that "district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims," for claims under

4

$10,000.  *See* 28 U.S.C. § 1346(a)(2).[2]  Plaintiffs do not seek to enforce any claim over $10,000, so the Tucker Act is inapplicable.

Moreover, "[s]ince this action was not originally brought to enforce a contract with the United States, the Tucker Act does not apply.  The motion to enforce the settlement agreement, although ancillary to the original action, is not within the exclusive jurisdiction of the Claims Court." *Reed By & Through Reed v. United States*, 717 F. Supp. 1511, 1514 (S.D. Fla. 1988), *aff'd,* 891 F.2d 878 (11th Cir. 1990).  So too here.[3]

Defendants signed a settlement agreement, and in doing so promised to submit to the jurisdiction of this Court to enforce this settlement agreement.  They now try

---

[2] Defendants point to two recent U.S. Supreme Court cases to bolster this claim.  *See* Opp. Mot. at 9.  Yet both those cases addressed whether the district court had jurisdiction under the Administrative Procedure Act to award monetary damages.  *See Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658 (2025); *Dep't of Educ. v. California*, 604 U.S. 650, 651 (2025).  Defendants also heavily rely on a D.C. Circuit opinion concluding that the Tucker Act stripped it of jurisdiction to enforce a contract, but that dispute was also about money.  *See Franklin-Mason v. Mabus*, 742 F.3d 1051, 1052 (D.C. Cir. 2014) (party sought "a million dollars in damages and attorney's fees" against federal government).  Plaintiffs don't seek any monetary damages here, so the cases are inapt.

[3] Finally, it is not clear that a settlement agreement between sovereigns to enforce the federal government's statutory obligations qualifies as a "contract" within the meaning of the Tucker Act.  A settlement agreement "designed to enforce statutory directives is not merely a private contract. . . . The primary function of a settlement agreement or consent decree, like that of a litigated judgment, is to enforce the congressional will as reflected in the statute." *Biodiversity Assocs. v. Cables*, 357 F.3d 1152, 1169 (10th Cir. 2004).  The suit here centered on two provisions of federal law, *see* ECF 29 at ¶ 6 (Amended Complaint) (citing 8 U.S.C. § 1373(c) and 8 U.S.C. § 1644), so it is not a "contract" in the typical sense as used in the Tucker Act.

to wiggle out of their obligations—at great cost to the States who relied on their word. This Court should not allow them to succeed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court issue an order requiring Defendants to immediately remedy their breach of the settlement agreement and restore (1) the bulk upload function in SAVE and (2) the ability to search with Social Security Numbers, including last-four-digits Social Security Numbers.

Respectfully submitted,

JAMES UTHMEIER
  *Attorney General*

DAVID M.S. DEWHIRST (FBN 1076928)
  *Solicitor General*

*/s/ Jason J. Muehlhoff*
JASON J. MUEHLHOFF (FBN 1076410)
  *Chief Deputy Solicitor General*

Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3300
jason.muehlhoff@myfloridalegal.com

*Counsel for Plaintiffs State of Florida and the Florida Department of State*

6

BRENNA BIRD
Attorney General of Iowa

*/s/ Patrick Valencia*
ERIC H. WESSAN
*Solicitor General*
PATRICK C. VALENCIA
Deputy Solicitor General
ANGELA STUEDEMANN
Assistant Attorney General

1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
Eric.wessan@ag.iowa.gov
Patrick.valencia@ag.iowa.gov
Angela.stuedemann@ag.iowa.gov

*Counsel for Plaintiffs Brenna Bird and Paul Pate*

MICHAEL BUSCHBACHER
NICHOLAS CORDOVA
Boyden Gray PLLC
800 Connecticut Avenue NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com
ncordova@boydengray.com

*Counsel for State of Ohio and Ohio Secretary of State Frank LaRose*

*/s/ Blake E. Lanning*
BLAKE E. LANNING
Assistant Chief Deputy
Attorney No. 35282-24

Office of the Indiana Attorney General
302 W. Washington St., IGCS – 5th Floor
Indianapolis, IN 46204-2770
Telephone: (317) 232-1146
Fax: (317) 232-7979
Email: Blake.Lanning@atg.in.gov

7

8

# CERTIFICATE OF SERVICE

I certify that on July 3, 2026, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all parties.

*/s/ Jason J. Muehlhoff*
CHIEF DEPUTY SOLICITOR GENERAL