**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

STATE OF FLORIDA and the
FLORIDA DEPARTMENT OF STATE,

     *Plaintiffs,*

     v.                          Case No. 3:24-cv-509-TKW-HTC

THE DEPARTMENT OF
HOMELAND SECURITY; and
MARKWAYNE MULLIN, in his
Official Capacity as Secretary
of the United States
Department of Homeland Security,

     *Defendants.*
_____/

**JOINT STATUS REPORT**

Pursuant to this Court's order that the parties file a status report addressing "Defendants' compliance with this Order and the status of the proceedings in Judge Sooknanan's case and/or the D.C. Circuit," ECF 45,[1] the parties jointly state as follows:

### Compliance with this Court's Order

1.     On July 7, 2026, this Court granted Plaintiffs' emergency motion to enforce the settlement agreement. *See* ECF 45. That Order required that "Defendants shall immediately comply with the court-approved settlement agreement in this case by reinstating Plaintiffs' access to the bulk- upload and SSN-search features in the SAVE system." *Id.*

2.     On July 8, 2026, Plaintiffs emailed Defendants asking for an update on when those SAVE features would be restored. Defendants responded the same day to notify Plaintiffs that they were actively working to reinstate access to the relevant features of SAVE for the Plaintiff States and hoped to have a solution in place by July 9, 2026.

3.     On July 9, 2026, Defendants notified Plaintiffs that the bulk-upload and SSN-search features had been restored for the Plaintiff States in this case (but not for any other SAVE users). Defendants explained that the bulk-upload function will temporarily use a different procedure than before, but that Plaintiffs will be able to use those features required by this Court's July 7, 2026 order. For the Social Security

---

[1] This Court later moved the deadline to 12pm CT on July 14, 2026. *See* ECF 49.

Number Searches, Defendants explained that Plaintiffs would immediately be able to submit search requests with respect to all Social Security Numbers accessible to the Department of Homeland Security and the U.S. Citizenship and Immigration Services (which is a small subset of all Social Security Numbers), but not yet with respect to Social Security Numbers maintained only by the Social Security Administration, which they were actively working on restoring. *See* Ex. 1, July 9, 2026 Email from S. Pezzi to J. Muehlhoff; *see also* Ex. 2, July 9, 2026 Notice in *League of Women Voters* (describing these efforts); Ex. 3, July 10, 2026 Joint Status Report in *League of Women Voters* (describing these efforts in greater detail, including via sworn declarations from the Department of Homeland Security and the Social Security Administration).

4.      The Social Security Administration is now making its data available to the Department of Homeland Security for purposes of responding to SAVE requests, though solely with respect to the Plaintiff States in this case. *See* Ex. 3, July 10, 2026 Joint Status Report in *League of Women Voters*.

5.      On July 13 and 14, 2026, representatives of the Department of Homeland Security contacted all of the designated points of contact that had been provided by the Plaintiff States in this matter with further logistical instructions about using the technical workaround described above, which is designed to allow Plaintiff States (but only Plaintiff States) to regain access to the features of SAVE

that had previously been disabled after the entry of summary judgment in *League of Women Voters*.

6.      Plaintiff States note that so far the designated points of contact provided have been unable to access the bulk upload and verification system. Plaintiff States respectfully request that this Court ask for an update from Plaintiff States by Noon tomorrow as to whether their access has been restored.

7.      Defendants respond that (1) one of the Plaintiff States has not yet provided any contact information for any point of contact, and (2) another of the Plaintiff States only provided email addresses for the relevant points of contact approximately one hour before this filing.  Defendants are working as quickly as feasible under the circumstances, will continue to do so, and do not think that any additional court-ordered deadlines for filings on this subject are necessary, particularly given other significant and time-sensitive filing deadlines faced by undersigned counsel for the United States in the *League of Women Voters* matter (among others), as discussed below.  Instead, Defendants believe that the parties should continue to work to resolve any remaining logistical or technical obstacles on their own.  If the parties are unable to resolve any further disagreements without court involvement, of course, any party is always free to seek appropriate relief from this Court.

**Current Status of the *League of Women Voters* Litigation**

8.      Simultaneously with notifying the Plaintiff States in this case about the technical workaround that was being offered to allow the United States to comply

with this Court's order, the United States also filed a notice in *League of Women Voters* to ensure that the district court and the plaintiffs in that case were aware of this material development. That notice is attached to this filing, for the Court's reference. *See* Ex. 2, July 9, 2026 Notice in *League of Women Voters.*

9.     The district court in *League of Women Voters* issued the following order, later that day:

> MINUTE ORDER: In light of the [125] Notice, the Court directs the Parties to meet and confer and to submit a joint status report by 5:00 PM on July 10, 2026. This joint status report should address: (1) what actions the Federal Defendants are taking to comply with this Court's [112] Order, (2) whether the Social Security Administration is still making NUMIDENT records available to SAVE and/or DHS, (3) whether SAVE still confirms social security numbers beyond those collected through the "very limited circumstances" recognized in the Notice of Modified System of Records, 85 Fed. Reg. 31,798, 31,801 (May 27, 2020), and (4) any other issues raised by the Parties in response to the [125] Notice. Signed by Judge Sparkle L. Sooknanan on 7/9/2026. (lcak) (Entered: 07/09/2026)

10.     The parties in *League of Women Voters* filed the joint status report ordered by the court the next day. That joint status report is attached to this filing, for the Court's reference. *See* Ex. 3, July 10, 2026 Joint Status Report in *League of Women Voters.*

11.     Early the next morning, on Saturday, July 11, 2026, the district court in *League of Women Voters* issued the following order:

> MINUTE ORDER: In light of the [126] Joint Status Report and the Federal Defendants' representations about the exigency of this matter, the Court directs the Social Security Administration to file a notice by 5:00 PM on July 13, 2026, explaining whether the Social Security Administration is bound by the consent decree and the July

7, 2026, order enforcing the consent decree in *Florida v. DHS*, No. 3:24-cv-00509, ECF Nos. 30, 31, 45 (N.D. Fla.). The Court further directs the Parties to meet and confer by July 13, 2026, to try to resolve their disputes amicably. If they are unable to do so, the Court directs the Parties to comply with the following briefing schedule. The Plaintiffs shall file any motion to enforce or clarify the [112] Order by July 14, 2026. The Defendants shall file any response by July 16, 2026. The Plaintiffs shall file any reply by July 17, 2026. The Parties should be prepared to attend a hearing on this matter at 10:00 AM on July 20, 2026, if needed. The Court encourages the Parties to try to resolve this dispute amicably in light of the Northern District of Florida's recognition that there is "merit" to the Plaintiffs' argument that the Social Security Administration is not bound by its July 7, 2026, Order. Signed by Judge Sparkle L. Sooknanan on 7/11/2026. (lcak) (Entered: 07/11/2026)

12. On July 13, 2026, Defendants in *League of Women Voters* filed the notice required by the district court's July 11, 2026 minute order. That notice is attached to this filing, for the Court's reference. *See* Ex. 4, July 13, 2026 Notice in *League of Women Voters*.

13. Also on July 13, 2026, the parties in *League of Women Voters* conferred as required by the district court's July 11, 2026 minute order. Those conferrals continued to this morning. As of this filing, the expectation of counsel for the United States is that plaintiffs in *League of Women Voters* will file what those plaintiffs described as "a motion to enforce the summary judgment order as to all Defendants or, in the alternative, more narrowly enforcing the judgment as to SSA, so as to require it to terminate any mechanism by which the modified SAVE system conducts searches of SSA databases." As required by the district court's minute order of July 11, 2026, the expectation of undersigned counsel is that the *League of Women Voters* Plaintiffs will file that motion later today, with the opposition brief due on Thursday,

6

a reply on Friday, and (if necessary) a hearing on the morning of Monday, July 20, 2026.

14.     Finally, during the compliance-related developments described above, the United States has also moved for a stay pending appeal of the *League of Women Voters* summary-judgment order.  The district court denied that motion in full in an opinion and order issued on July 8, 2026.  *See* Ex. 5, Mem. Op. Denying Stay Pending Appeal in *League of Women Voters* (July 8, 2026).  The United States filed a motion with the D.C. Circuit later that evening.  *See* Ex. 6, D.C. Circuit Motion for a Stay Pending Appeal in *League of Women Voters* (July 8, 2026).  Under the schedule set by the D.C. Circuit, that motion will be fully briefed by 4 PM Eastern Time on July 20, 2026.  *See League of Women Voters v. DHS*, No. 26-5243 (D.C. Cir.).

Respectfully submitted.

JAMES UTHMEIER
 *Attorney General*

DAVID M.S. DEWHIRST (FBN 110951)
 *Solicitor General*

*/s/ Jason J. Muehlhoff*
JASON J. MUEHLHOFF (FBN 1076410)
 *Chief Deputy Solicitor General*

Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3300
jason.muehlhoff@myfloridalegal.com

ASHLEY E. DAVIS (FBN 48032)
General Counsel
Florida Department of State
500 South Bronough Street, Suite 100
Tallahassee, Florida 32399-0250
(850) 245-6531

*Counsel for Plaintiffs State of Florida and the Florida Department of State*

BRENNA BIRD
Attorney General of Iowa

/s/ Patrick Valencia
ERIC H. WESSAN
Solicitor General
PATRICK C. VALENCIA
Deputy Solicitor General
ANGELA STUEDEMANN
Assistant Attorney General

1305 E. Walnut Street
Des Moines, Iowa 50319
(515) 823-9117
Eric.wessan@ag.iowa.gov
Patrick.valencia@ag.iowa.gov

8

Angela.stuedemann@ag.iowa.gov

*Counsel for Plaintiffs Brenna Bird and Paul Pate*

MICHAEL BUSCHBACHER
NICHOLAS CORDOVA
Boyden Gray PLLC
800 Connecticut Avenue NW, Suite 900
Washington, D.C. 20006
(202) 955-0620
mbuschbacher@boydengray.com
ncordova@boydengray.com

*Counsel for State of Ohio and Ohio Secretary of State Frank LaRose*

/s/ Blake E. Lanning
BLAKE E. LANNING
Assistant Chief Deputy
Attorney No. 35282-24

Office of the Indiana Attorney General
302 W. Washington St., IGCS – 5th Floor
Indianapolis, IN 46204-2770
Telephone: (317) 232-1146
Fax: (317) 232-7979
Email: Blake.Lanning@atg.in.gov

9

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

ANDREW I. WARDEN
Assistant Branch Director
Federal Programs Branch

/s/ Stephen M. Pezzi
STEPHEN M. PEZZI (Florida 1041279)
 Chief Litigation Counsel
DANIEL RIESS
 Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 305-8576
Email: stephen.pezzi@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2026, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which provides service to all parties.

/s/ *Jason J. Muehlhoff*
CHIEF DEPUTY SOLICITOR GENERAL

11