**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

STATE OF FLORIDA,

v.                                                      Case No.  3:24-cv-509-TKW-HTC

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY and
MARKWAYNE MULLIN,

_____/

**TRANSMITTAL OF NOTICE OF APPEAL**

The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals.  The certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

First Appeal Notice
Case appealed from the Honorable T. Kent Wetherell, II.
Appeal filing fee was paid.
There was no hearing from which a transcript could be made.


JESSICA J. LYUBLANOVITS,
CLERK OF COURT



July 21, 2026_____          s/ Jeremy Wright_____
DATE                                                    Deputy Clerk
                                                             1 N. Palafox St.
                                                             Pensacola, Florida 32502

CLOSED,APPEAL

## U.S. District Court
## Northern District of Florida (Pensacola)
## CIVIL DOCKET FOR CASE #: 3:24–cv–00509–TKW–HTC

STATE OF FLORIDA et al v. DEPARTMENT OF
HOMELAND SECURITY et al
Assigned to: JUDGE T KENT WETHERELL II
Referred to: MAGISTRATE JUDGE HOPE T CANNON
Cause: 05:702 Administrative Procedure Act

Date Filed: 10/16/2024
Date Terminated: 12/01/2025
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**STATE OF FLORIDA**                    represented by    **JAMES HAMILTON PERCIVAL , II**
FLORIDA ATTORNEY GENERALS
OFFICE
OFFICE OF THE ATTORNEY
GENERAL
Pl–01
THE CAPITOL
TALLAHASSEE, FL 32399
850–414–3300
Email: james.percival@myfloridalegal.com
*TERMINATED: 01/15/2025*
*LEAD ATTORNEY*

**JOHN MATTHEW GUARD**
1715 OAKWOOD ESTATES DRIVE
PLANT CITY, FL 33563
813–789–4468
Email: johnmguard@hotmail.com
*TERMINATED: 06/23/2025*
*LEAD ATTORNEY*

**CALEB ANTHONY STEPHENS**
FLORIDA ATTORNEY GENERAL'S
OFFICE
THE CAPITOL
PL–01
TALLAHASSEE, FL 32399
850–414–3300
Email: caleb.stephens@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**HENRY CHARLES WHITAKER**
FLORIDA OFFICE OF THE ATTORNEY
GENERAL
PL–01 THE CAPITOL
TALLAHASSEE, FL 32399–1050
850–414–3688
Email: henry.whitaker@usdoj.gov
*TERMINATED: 07/08/2026*

**JASON JOHN MUEHLHOFF**
FLORIDA ATTORNEY GENERAL'S
OFFICE
107 W GAINES STREET
TALLAHASSEE, FL 32399
714–330–6936
Email: jason.muehlhoff@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**NATALIE CHRISTMAS**
FLORIDA ATTORNEY GENERAL'S
OFFICE
PL–01 THE CAPITOL
TALLAHASSEE, FL 32399
850–414–3300
Email: natalie.christmas@myfloridalegal.com
*TERMINATED: 02/20/2025*

**Plaintiff**

**FLORIDA DEPARTMENT OF STATE**          represented by   **JAMES HAMILTON PERCIVAL , II**
(See above for address)
*TERMINATED: 01/15/2025*
*LEAD ATTORNEY*

**JOHN MATTHEW GUARD**
(See above for address)
*TERMINATED: 06/23/2025*
*LEAD ATTORNEY*

**ASHLEY E DAVIS**
FLORIDA DEPARTMENT OF STATE
RA GRAY BUILDING
500 SOUTH BRONOUGH STREET
SUITE 100
TALLAHASSEE, FL 32399
850–245–6531
Email: ashley.davis@dos.fl.gov
*ATTORNEY TO BE NOTICED*

**BRADLEY ROBERT MCVAY**
FLORIDA DEPARTMENT OF STATE
OFFICE OF GENERAL COUNSEL
500 S BRONOUGH STREET
TALLAHASSEE, FL 32399
352–219–5195
Email: brad.mcvay@dos.myflorida.com
*ATTORNEY TO BE NOTICED*

**HENRY CHARLES WHITAKER**
(See above for address)
*TERMINATED: 07/08/2026*

**JASON JOHN MUEHLHOFF**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOSEPH SCOTT VAN DE BOGART**
FLORIDA DEPARTMENT OF STATE
OFFICE OF GENERAL COUNSEL
500 S BRONOUGH STREET
TALLAHASSEE, FL 32399
850–245–6519
Fax: 850–245–6127
Email: jvandebogart@fau.edu
*ATTORNEY TO BE NOTICED*

**NATALIE CHRISTMAS**
(See above for address)
*TERMINATED: 02/20/2025*

**CALEB ANTHONY STEPHENS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE OF OHIO**                          represented by   **STATE OF OHIO**
                                                            PRO SE


**Plaintiff**

**FRANK LAROSE**                           represented by   **FRANK LAROSE**
*IN HIS OFFICIAL CAPACITY AS OHIO*                          PRO SE
*SECRETARY OF STATE*


**Plaintiff**

**BRENNA BIRD**                            represented by   **BRENNA BIRD**
*IN HER OFFICIAL CAPACITY AS THE*                          PRO SE
*ATTORNEY GENERAL OF IOWA*


**Plaintiff**

**PAUL PATE**                              represented by   **PAUL PATE**
*IN HIS OFFICIAL CAPACITY AS THE*                          PRO SE
*SECRETARY OF STATE OF IOWA*


**Plaintiff**

**STATE OF INDIANA**                       represented by   **STATE OF INDIANA**
                                                            PRO SE


**Plaintiff**

**DIEGO MORALES**                          represented by   **DIEGO MORALES**
*IN HIS OFFICIAL CAPACITY AS*                               PRO SE
*INDIANA SECRETARY OF STATE*


V.

**Defendant**

**DEPARTMENT OF HOMELAND**                 represented by   **DANIEL MARTIN RIESS**
**SECURITY**                                               DOJ–CIV
                                                           1100 L STREET NW
                                                           WASHINGTON, DC 20005
                                                           202–353–3098
                                                           Email: daniel.riess@usdoj.gov
                                                           *ATTORNEY TO BE NOTICED*

                                                           **STEPHEN MICHAEL PEZZI**
                                                           US DEPARTMENT OF JUSTICE
                                                           1100 L STREET NW
                                                           WASHINGTON, DC 20005
                                                           202–305–8576
                                                           Email: stephen.pezzi@usdoj.gov
                                                           *ATTORNEY TO BE NOTICED*


**Defendant**

**ALEJANDRO MAYORKAS**                     represented by   **STEPHEN MICHAEL PEZZI**
*TERMINATED: 02/06/2025*                                    (See above for address)


**Defendant**

**KRISTI NOEM**                            represented by   **DANIEL MARTIN RIESS**
*IN HER OFFICIAL CAPACITY AS*                               (See above for address)
*SECRETARY OF THE UNITED STATES*
*DEPARTMENT OF HOMELAND*                                    **STEPHEN MICHAEL PEZZI**
*SECURITY*                                                  (See above for address)
*TERMINATED: 07/07/2026*

**Defendant**

**MARKWAYNE MULLIN**                        represented by **DANIEL MARTIN RIESS**
*SECRETARY DEPARTMENT OF*                   (See above for address)
*HOMELAND SECURITY*                         *ATTORNEY TO BE NOTICED*

                                            **STEPHEN MICHAEL PEZZI**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*

**Intervenor**

**LEAGUE OF WOMEN VOTERS**                  represented by **AMAN TEWARI GEORGE**
                                            DEMOCRACY FORWARD
                                            FOUNDATION
                                            PO BOX 34553
                                            WASHINGTON, DC 20043
                                            202–448–9090
                                            Email: ageorge@democracyforward.org
                                            *ATTORNEY TO BE NOTICED*

                                            **DANIEL R WALSH**
                                            GELBER SCHACHTER & GREENBERG
                                            PA – MIAMI FL
                                            ONE SE 3RD AVENUE
                                            SUITE 2600
                                            MIAMI, FL 33131
                                            305–728–0950
                                            Fax: 305–728–0951
                                            Email: dwalsh@gsgpa.com
                                            *ATTORNEY TO BE NOTICED*

                                            **GERALD EDWARD GREENBERG**
                                            GELBER SCHACHTER & GREENBERG
                                            PA – MIAMI FL
                                            ONE SE 3RD AVENUE
                                            SUITE 2600
                                            MIAMI, FL 33131
                                            305–728–0950
                                            Fax: 305–728–0951
                                            Email: ggreenberg@gsgpa.com
                                            *ATTORNEY TO BE NOTICED*

                                            **LAUREN CROWELL BINGHAM**
                                            CITIZENS FOR RESPONSIBILITY AND
                                            ETHICS IN WASHINGTON
                                            PO BOX 14596
                                            WASHINGTON, DC 20044
                                            202–408–5565
                                            Email: lbingham@citizensforethics.org
                                            *ATTORNEY TO BE NOTICED*

**Intervenor**

**ELECTRONIC PRIVACY**                      represented by **DANIEL R WALSH**
**INFORMATION CENTER**                      (See above for address)
                                            *ATTORNEY TO BE NOTICED*

                                            **GERALD EDWARD GREENBERG**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*

                                            **LAUREN CROWELL BINGHAM**
                                            (See above for address)
                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/16/2024 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number AFLNDC−9100965.), filed by STATE OF FLORIDA, FLORIDA DEPARTMENT OF STATE. (Attachments: # 1 Exhibit Memorandum of Agreement, # 2 Exhibit McVay Letter to USCIS, # 3 Exhibit USCIS Response Letter, # 4 Exhibit Email re Request for Information, # 5 Civil Cover Sheet, # 6 Summonses) (PERCIVAL, JAMES) (Entered: 10/16/2024) |
| 10/17/2024 | 2 | Summons Issued as to DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS. (alb) (Entered: 10/17/2024) |
| 10/17/2024 | 3 | NOTICE of Appearance by ASHLEY E DAVIS on behalf of FLORIDA DEPARTMENT OF STATE (DAVIS, ASHLEY) (Entered: 10/17/2024) |
| 10/17/2024 | 4 | NOTICE of Appearance by JOSEPH SCOTT VAN DE BOGART on behalf of FLORIDA DEPARTMENT OF STATE (VAN DE BOGART, JOSEPH) (Entered: 10/17/2024) |
| 10/17/2024 | 5 | NOTICE of Appearance by BRADLEY ROBERT MCVAY on behalf of FLORIDA DEPARTMENT OF STATE (MCVAY, BRADLEY) (Entered: 10/17/2024) |
| 11/04/2024 | 6 | NOTICE *of Proof of Service* by STATE OF FLORIDA, FLORIDA DEPARTMENT OF STATE (Attachments: # 1 Exhibit Certified Mail Receipts, # 2 Exhibit USPS Tracking) (CHRISTMAS, NATALIE) (Entered: 11/04/2024) |
| 12/09/2024 | 7 | NOTICE of Appearance by STEPHEN MICHAEL PEZZI on behalf of All Defendants (PEZZI, STEPHEN) (Entered: 12/09/2024) |
| 12/09/2024 | 8 | MOTION for Extension of Time to File Answer re 1 Complaint, *(Unopposed)* by DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS. (PEZZI, STEPHEN) (Entered: 12/09/2024) |
| 12/10/2024 | 9 | ORDER GRANTING EXTENSION OF TIME, re 8 MOTION for Extension of Time to File Answer. ( Answer due by **2/18/2025**.) Signed by JUDGE T KENT WETHERELL II on 12/10/2024. (alb) (Entered: 12/10/2024) |
| 12/10/2024 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 7 Notice of Appearance. (Proposed ISO prepared.) (alb) (Entered: 12/10/2024) |
| 01/14/2025 | 10 | Consent MOTION to Withdraw as Attorney by STATE OF FLORIDA. (PERCIVAL, JAMES) (Entered: 01/14/2025) |
| 01/15/2025 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 10 Consent MOTION to Withdraw as Attorney. (alb) (Entered: 01/15/2025) |
| 01/15/2025 | 11 | ORDER granting 10 Motion to Withdraw as Attorney. Attorney James Percival shall have no further obligation to represent Plaintiff in this case. The Clerk shall terminate Mr. Percival as counsel of record for Plaintiff in CM/ECF. Attorney JAMES HAMILTON PERCIVAL, II terminated Signed by JUDGE T KENT WETHERELL II on 01/15/2025. (alb) (Entered: 01/15/2025) |
| 02/05/2025 | 12 | NOTICE of Appearance by CALEB ANTHONY STEPHENS on behalf of STATE OF FLORIDA (STEPHENS, CALEB) (Entered: 02/05/2025) |
| 02/05/2025 | 13 | NOTICE of Appearance by DAVID MATTHEW COSTELLO on behalf of STATE OF FLORIDA (COSTELLO, DAVID) (Entered: 02/05/2025) |
| 02/05/2025 | 14 | NOTICE of Appearance by KEVIN A GOLEMBIEWSKI on behalf of STATE OF FLORIDA (GOLEMBIEWSKI, KEVIN) (Entered: 02/05/2025) |
| 02/05/2025 | 15 | Consent MOTION for Extension of Time to File Answer re 1 Complaint, by DEPARTMENT OF HOMELAND SECURITY, ALEJANDRO MAYORKAS. (PEZZI, STEPHEN) (Entered: 02/05/2025) |

| | | |
|---|---|---|
| 02/06/2025 | 16 | ORDER GRANTING EXTENSION OF TIME AND SUBSTITUTION PARTIES. Re 15 Consent MOTION for Extension of Time to File Answer re 1 Complaint. The motion is GRANTED, and Defendants have until May 19, 2025, to answer or otherwise respond to the complaint. The Clerk shall update CM/ECF to reflect that Kristi Noem has replaced Alexandro Mayorkas as a defendant under Fed. R. Civ. P. 25(d). ( Answer due by **5/19/2025**.) KRISTI NOEM added. ALEJANDRO MAYORKAS terminated. Signed by JUDGE T KENT WETHERELL II on 02/06/2025. (alb) (Entered: 02/06/2025) |
| 02/19/2025 | 17 | Consent MOTION to Withdraw as Attorney by STATE OF FLORIDA, FLORIDA DEPARTMENT OF STATE. (CHRISTMAS, NATALIE) (Entered: 02/19/2025) |
| 02/19/2025 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of MAGISTRATE JUDGE HOPE T CANNON notified that action is needed Re: 17 Consent MOTION to Withdraw as Attorney. (alb) (Entered: 02/19/2025) |
| 02/20/2025 | 18 | ORDER granting 17 Motion to Withdraw as Attorney. Attorney Natalie Christmas shall have no further obligation to represent Plaintiff in this case. The Clerk shall terminate Ms. Christmas as counsel of record for Plaintiff in CM/ECF. Signed by JUDGE T KENT WETHERELL II on 02/20/2025. Attorney NATALIE CHRISTMAS terminated. (alb) (Entered: 02/20/2025) |
| 05/15/2025 | 19 | Consent MOTION for Extension of Time to File Answer re 1 Complaint, by DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM. (PEZZI, STEPHEN) (Entered: 05/15/2025) |
| 05/15/2025 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 19 Consent MOTION for Extension of Time to File Answer re 1 Complaint. (alb) (Entered: 05/15/2025) |
| 05/16/2025 | 20 | ORDER GRANTING EXTENSION OF TIME. Re: 19 Consent MOTION for Extension of Time to File Answer re 1 Complaint. Signed by JUDGE T KENT WETHERELL II on 05/16/2025. ( Answer due by **7/18/2025**.) (alb) (Entered: 05/16/2025) |
| 06/20/2025 | 21 | Consent MOTION to Withdraw as Attorney by STATE OF FLORIDA, FLORIDA DEPARTMENT OF STATE. (GUARD, JOHN) (Entered: 06/20/2025) |
| 06/23/2025 | 22 | ORDER: Upon due consideration of the motion to withdraw as counsel (Doc. 21 ), it is ORDERED that attorney John Guard has no further obligation to represent Plaintiff in this case and the Clerk shall terminate him as counsel of record for Plaintiff in CM/ECF. Signed by JUDGE T KENT WETHERELL II on 6/23/2025. (jcw) (Entered: 06/23/2025) |
| 07/15/2025 | 23 | Consent MOTION for Extension of Time to File Answer re 1 Complaint, by DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM. (PEZZI, STEPHEN) (Entered: 07/15/2025) |
| 07/15/2025 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 23 Consent MOTION for Extension of Time to File Answer re 1 Complaint. (alb) (Entered: 07/15/2025) |
| 07/16/2025 | 24 | ORDER GRANTING EXTENSION OF TIME. Re: 23 Consent MOTION for Extension of Time to File Answer re 1 Complaint. Signed by JUDGE T KENT WETHERELL II on 07/16/2025.( Answer due by **9/15/2025**.) (alb) (Entered: 07/16/2025) |
| 09/11/2025 | 25 | MOTION for Extension of Time to File Answer re 1 Complaint, by DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM. (PEZZI, STEPHEN) (Entered: 09/11/2025) |
| 09/11/2025 | | Set Deadlines/Hearings re 25 Motion for Extension of Time. (Internal deadline for referral to judge if response not filed earlier: **9/25/2025**). (alb) (Entered: 09/12/2025) |
| 09/12/2025 | 26 | ORDER GRANTING EXTENSION OF TIME, re 25 MOTION for Extension of Time to File Answer re 1 Complaint. The motion for extension of time is GRANTED in part and Defendants have until October 14, 2025, to answer or otherwise respond to the complaint. Signed by JUDGE T KENT WETHERELL II on 09/12/2025.( Answer due by **10/14/2025**.) (alb) (Entered: 09/12/2025) |

| 10/01/2025 | 27 | MOTION to Stay *(Unopposed) due to Lapse in Appropriations* by DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM. (PEZZI, STEPHEN) (Entered: 10/01/2025) |
|---|---|---|
| 10/02/2025 | 28 | ORDER TOLLING RESPONSE DEADLINE re granting 27 MOTION to Stay. Defendants' deadline to answer or otherwise respond to the complaint is tolled based on the "government shutdown" caused by the lapse in appropriations. Defendants have 14 days from the date the shutdown ends and/or funding is restored to the Department of Justice to answer or otherwise respond to the complaint. Signed by JUDGE T KENT WETHERELL II on 10/2/2025. (jcw) (Main Document 28 replaced on 10/2/2025) (jcw). (Entered: 10/02/2025) |
| 11/04/2025 | | Set Deadlines/Hearings re 28 Order. Deadline for clerk to check status of stay by **12/1/2025**. (alb) (Entered: 11/04/2025) |
| 11/28/2025 | 29 | First AMENDED COMPLAINT against STATE OF FLORIDA, FLORIDA DEPARTMENT OF STATE, filed by STATE OF FLORIDA, FLORIDA DEPARTMENT OF STATE. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (STEPHENS, CALEB) (Entered: 11/28/2025) |
| 11/28/2025 | 30 | MOTION to Dismiss by FLORIDA DEPARTMENT OF STATE, STATE OF FLORIDA. (Internal deadline for referral to judge if response not filed earlier: **12/12/2025**). (Attachments: # 1 Exhibit, # 2 Exhibit) (STEPHENS, CALEB) (Entered: 11/28/2025) |
| 12/01/2025 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 30 Plaintiffs' Unopposed Motion to Dismiss, 29 Amended Complaint. (alb) (Entered: 12/01/2025) |
| 12/01/2025 | 31 | ORDER. The 30 Motion is GRANTED, it is further ordered that the above–captioned case is DISMISSED WITH PREJUDICE, under Federal Rule of Civil Procedure 41(a)(2); it is further ordered that the Court retains jurisdiction over this case for a period of twenty years from the date of this order for the purposes of enforcement of the parties' settlement agreement, which is approved by and incorporated by reference into this order. (Please see full order.) Signed by JUDGE T KENT WETHERELL II on 12/1/2025. (alb) (Entered: 12/01/2025) |
| 06/30/2026 | 32 | MOTION enforce settlement agreement re 31 Order Dismissing Case,, by FLORIDA DEPARTMENT OF STATE, STATE OF FLORIDA. (Attachments: # 1 Exhibit Declaration of Maria Matthews, # 2 Exhibit Declaration of Brian Katz) (MUEHLHOFF, JASON) (Entered: 06/30/2026) |
| 06/30/2026 | 33 | ORDER REQUIRING EXPEDITED RESPONSE, re 32 MOTION enforce settlement agreement. Defendants have until noon Central Time on Thursday, July 2, 2026, to respond to the emergency motion and explain why they are not in violation of the settlement agreement and why the Court should not require them to comply with the settlement agreement by immediately restoring (1) the bulk upload function in SAVE and (2) the ability to search with Social Security Numbers in SAVE. Signed by JUDGE T KENT WETHERELL II on 06/30/2026. (Internal deadline for referral to judge if response not filed earlier: **7/2/2026**). (alb) (Entered: 06/30/2026) |
| 07/01/2026 | 34 | NOTICE OF ADDITIONAL AUTHORITY by BRENNA BIRD. (Attachments: # 1 Affidavit Declaration of Aaron Baack) (MUEHLHOFF, JASON) Modified on 7/2/2026 to edit title (jcw). (Entered: 07/01/2026) |
| 07/01/2026 | 35 | NOTICE of Appearance by GERALD EDWARD GREENBERG on behalf of LEAGUE OF WOMEN VOTERS, ELECTRONIC PRIVACY INFORMATION CENTER (GREENBERG, GERALD) (Entered: 07/01/2026) |
| 07/01/2026 | 36 | NOTICE of Appearance by DANIEL R WALSH on behalf of ELECTRONIC PRIVACY INFORMATION CENTER, LEAGUE OF WOMEN VOTERS (WALSH, DANIEL) (Entered: 07/01/2026) |
| 07/01/2026 | 37 | MOTION for Leave to File *(Unopposed) a Brief as Amici Curiae* by ELECTRONIC PRIVACY INFORMATION CENTER, LEAGUE OF WOMEN VOTERS. (Attachments: # 1 Exhibit 1 – Proposed Brief of Amici Curiae) (GREENBERG, GERALD) (Entered: 07/01/2026) |

| 07/01/2026 | 38 | NOTICE of Appearance by LAUREN CROWELL BINGHAM on behalf of ELECTRONIC PRIVACY INFORMATION CENTER, LEAGUE OF WOMEN VOTERS (BINGHAM, LAUREN) (Entered: 07/01/2026) |
|---|---|---|
| 07/02/2026 | 39 | ORDER granting 37 MOTION for Leave to File. The amicus brief filed by the League of Women Voters and Electronic Privacy Information Center (Doc. 37 –1) is accepted. Defendants shall address the arguments in the amicus brief in their response to Plaintiffs' motion, and the deadline for the response is extended to 5:00 p.m. Central Time on **7/2/2026**. Plaintiffs may file a reply addressing the arguments in the amicus brief no later than 5:00 p.m. Central Time on **7/3/2026**. Signed by JUDGE T KENT WETHERELL II on 7/2/2026. (jcw) (Entered: 07/02/2026) |
| 07/02/2026 | 40 | MOTION to Appear Pro Hac Vice by Aman George.( Filing fee $ 219 receipt number AFLNDC–9955499.) by LEAGUE OF WOMEN VOTERS. (GEORGE, AMAN) (Entered: 07/02/2026) |
| 07/02/2026 | 41 | NOTICE of Appearance by DANIEL MARTIN RIESS on behalf of All Defendants (RIESS, DANIEL) (Entered: 07/02/2026) |
| 07/02/2026 | 42 | MEMORANDUM in Opposition re 32 MOTION enforce settlement agreement re 31 Order Dismissing Case,, , RESPONSE in Opposition filed by DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM. (Attachments: # 1 Exhibit League of Women Voters v DHS) (RIESS, DANIEL) (Entered: 07/02/2026) |
| 07/03/2026 | 43 | REPLY to Response to Motion re 32 MOTION enforce settlement agreement re 31 Order Dismissing Case,, filed by STATE OF FLORIDA. (MUEHLHOFF, JASON) (Entered: 07/03/2026) |
| 07/06/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 32 MOTION enforce settlement agreement re 31 Order Dismissing Case, 34 Notice of Additional Authority, 42 Response in Opposition to Motion, 43 Reply to Response to Motion. 40 MOTION to Appear Pro Hac Vice by Aman George. (alb) (Entered: 07/06/2026) |
| 07/06/2026 | 44 | ORDER granting 40 Motion to Appear Pro Hac Vice. Attorney Aman George is authorized to appear pro hac vice for Amici League of Women Voters and Electronic Privacy Information Center. Signed by JUDGE T KENT WETHERELL II on 07/06/2026. (alb) (Entered: 07/06/2026) |
| 07/07/2026 | 45 | ORDER. Plaintiffs' emergency motion to enforce settlement agreement (Doc. 32 ) is GRANTED, and Defendants shall immediately comply with the court–approved settlement agreement in this case by reinstating Plaintiffs' access to the bulk– upload and SSN–search features in the SAVE system. The parties shall file a status report 7 days from the date of this Order regarding Defendants' compliance with this Order and the status of the proceedings in Judge Sooknanan's case and/or the D.C. Circuit. Signed by JUDGE T KENT WETHERELL II on 07/07/2026. ( Status Report due by **7/14/2026**.) MARKWAYNE MULLIN added. KRISTI NOEM (IN HER OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY) terminated. (alb) (Entered: 07/07/2026) |
| 07/07/2026 | 46 | Consent MOTION to Withdraw as Attorney by FLORIDA DEPARTMENT OF STATE, STATE OF FLORIDA. (WHITAKER, HENRY) (Entered: 07/07/2026) |
| 07/07/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 46 Consent MOTION to Withdraw as Attorney. (alb) (Entered: 07/07/2026) |
| 07/08/2026 | 47 | ORDER: Upon due consideration of the motion to withdraw as counsel (Doc. 46 ), it is ORDERED that the motion is GRANTED, and attorney Henry Whitaker has no further obligation to represent Plaintiffs in this case. The Clerk shall terminate Mr. Whitaker as counsel of record in CM/ECF. Signed by JUDGE T KENT WETHERELL II on 7/8/2026. (jcw) (Entered: 07/08/2026) |
| 07/08/2026 | 48 | Emergency MOTION to Intervene by ELECTRONIC PRIVACY INFORMATION CENTER, LEAGUE OF WOMEN VOTERS. (Attachments: # 1 Memorandum of Law, # 2 Text of Proposed Order, # 3 Exhibit 1, # 4 Exhibit 2) (BINGHAM, LAUREN) (Entered: 07/08/2026) |

| 07/09/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 48 LEAGUE OF WOMEN VOTERS' ANDELECTRONIC PRIVACY INFORMATION CENTER'SEMERGENCY MOTION TO INTERVENE (alb) (Entered: 07/09/2026) |
|---|---|---|
| 07/09/2026 | 49 | ORDER ESTABLISHING EXPEDITED BRIEFING SCHEDULE, re 48 Emergency MOTION to Intervene, filed by LEAGUE OF WOMEN VOTERS, ELECTRONIC PRIVACY INFORMATION CENTER. Plaintiffs and Defendants have until 5:00 p.m. central time on July 10, 2026, to respond to the proposed intervenors' motion to intervene. The proposed intervenors may file a reply no later than noon central time on July 13, 2026. The Court will rule on the motion as expeditiously as possible, although it may defer consideration of the motion until after reviewing the status report required by the order enforcing the settlement agreement because that could moot or mitigate the urgency of the motion. See Doc. 45 at 10. The deadline for the status report is moved up to noon central time on July 14, 2026. Signed by JUDGE T KENT WETHERELL II on 07/09/2026. (Internal deadline for referral to judge if response not filed earlier: **7/10/2026**. Replies due by **7/13/2026**. Status Report due by **7/14/2026**.) (alb) (Entered: 07/09/2026) |
| 07/10/2026 | 50 | RESPONSE in Opposition re 48 Emergency MOTION to Intervene filed by BRENNA BIRD, FLORIDA DEPARTMENT OF STATE, FRANK LAROSE, DIEGO MORALES, PAUL PATE, STATE OF FLORIDA, STATE OF INDIANA, STATE OF OHIO. (MUEHLHOFF, JASON) (Entered: 07/10/2026) |
| 07/10/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 50 PLAINTIFFS' OPPOSITION TO LEAGUE OF WOMEN VOTERS' AND ELECTRONIC PRIVACY INFORMATION CENTER'S EMERGENCY MOTION TO INTERVENE. (alb) (Entered: 07/10/2026) |
| 07/10/2026 | 51 | RESPONSE in Opposition re 48 Emergency MOTION to Intervene filed by DEPARTMENT OF HOMELAND SECURITY, MARKWAYNE MULLIN. (Attachments: # 1 Ex. 1 – Email from S. Pezzi to J. Muehlhoff (July 9, 2026)) (PEZZI, STEPHEN) (Entered: 07/10/2026) |
| 07/13/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 51 Defendant's Opposition to Motion to Intervene. (alb) (Entered: 07/13/2026) |
| 07/13/2026 | 52 | REPLY to Response to Motion re 48 Emergency MOTION to Intervene , MEMORANDUM in Support filed by ELECTRONIC PRIVACY INFORMATION CENTER, LEAGUE OF WOMEN VOTERS. (BINGHAM, LAUREN) (Entered: 07/13/2026) |
| 07/13/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 52 Reply in Support of League of Women Voters' and Electronic Privacy Information Center's Emergency Motion to Intervene. (alb) (Entered: 07/13/2026) |
| 07/14/2026 | 53 | STATUS REPORT *Joint Status Report* by BRENNA BIRD, FLORIDA DEPARTMENT OF STATE, FRANK LAROSE, DIEGO MORALES, PAUL PATE, STATE OF FLORIDA, STATE OF INDIANA, STATE OF OHIO. (Attachments: # 1 Exhibit Ex. 1 Email from S. Pezzi to J. Muehlhoff 07.09.26, # 2 Exhibit Ex. 2 July 9, 2026 Notice in LWV, # 3 Exhibit Ex. 3 July 10, 2026 Joint Status Report in LWV, # 4 Exhibit Ex.4 July 13, 2026 Notice in LWV, # 5 Exhibit Ex. 5 Opinion Denying Stay Pending Appeal in LWV, # 6 Exhibit Ex. 6 D.C. Circuit Motion for Stay Pending Appeal in LWV) (MUEHLHOFF, JASON) (Entered: 07/14/2026) |
| 07/14/2026 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE T KENT WETHERELL II notified that action is needed Re: 53 Status Report. (alb) (Entered: 07/14/2026) |
| 07/19/2026 | 54 | ORDER GRANTING MOTION TO INTERVENE. ORDERED that LWV and EPIC's emergency motion to intervene (Doc. 48 ) is GRANTED, and the Clerk shall update their status in CM/ECF from amici to intervenors. Signed by JUDGE T KENT WETHERELL II on 7/19/2026. (pmc) (Entered: 07/19/2026) |

| 07/20/2026 | 55 | NOTICE OF APPEAL as to 45 Order,,,, Add and Terminate Parties,,,, Set Deadlines/Hearings,,, by ELECTRONIC PRIVACY INFORMATION CENTER, LEAGUE OF WOMEN VOTERS. ( Filing fee $605 Receipt Number AFLNDC−9972929.) (BINGHAM, LAUREN) (Entered: 07/20/2026) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STATE OF FLORIDA AND THE
FLORIDA DEPARTMENT OF
STATE, ET AL.,

     *Plaintiffs*,

     v.

DEPARTMENT OF HOMELAND
SECURITY AND MARKWAYNE
MULLIN,

     *Defendants,*

LEAGUE OF WOMEN VOTERS and
ELECTRONIC PRIVACY
INFORMATION CENTER,

     *Intervenor-Defendants.*

Case No. 3:24-cv-509-TKW-HTC

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that Intervenor-Defendants League of Women

Voters and Electronic Privacy Information Center hereby notice their appeal of this

Court's Order, ECF 45, of July 7, 2026.

1

Dated: July 20, 2026                                    Respectfully submitted,

/s/ Lauren C. Bingham

Lauren C. Bingham                                      Aman T. George*
Florida Bar No. 105745                                 D.C. Bar No. 1028445
LBingham@citizensforethics.org                         ageorge@democracyforward.org
CITIZENS FOR RESPONSIBILITY                             DEMOCRACY FORWARD FOUNDATION
AND ETHICS IN WASHINGTON                                P.O. BOX 34553
P.O. Box 14596                                         Washington, DC 20043
Washington, DC 20044                                   (202) 448-9090
(202) 408-5565

                                                       *admitted pro hac vice
Gerald E. Greenberg
Florida Bar No. 440094
ggreenberg@gsgpa.com
Daniel R. Walsh
Florida Bar No. 0124282
dwalsh@gsgpa.com
GELBER SCHACHTER & GREENBERG, P.A.
One Southeast Third Avenue, Suite 2600
Miami, FL 33131
(305) 728-0950
E-service: efilings@gsgpa.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 20, 2026, I electronically filed the foregoing document with the Clerk of the United States District Court for the Northern District of Florida through the CM/ECF system, which will serve a true and correct copy on all counsel of record who have consented to electronic service.

<u>*/s/ Lauren C. Bingham*</u>

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**STATE OF FLORIDA**, et al.,

    **Plaintiffs**,

v.                                                                           **Case No. 3:24-cv-509-TKW-HTC**

**UNITED STATES DEPARTMENT
OF HOMELAND SECURITY** and
**MARKWAYNE MULLIN**,[1] in his
official capacity as Secretary of the
Department of Homeland Security,

    **Defendants**.

_____/

## **ORDER**

This case is before the Court based on Plaintiffs' emergency motion to enforce settlement agreement (Doc. 32). Upon due consideration of the motion, the declarations submitted by Plaintiffs (Docs. 32-1, 32-2, 34-1), Defendants' response in opposition (Doc. 42) and its attachment, Plaintiffs' reply (Doc. 43), and the amicus brief filed by the League of Women Voters and the Electronic Privacy Information Center (Doc. 37-1), the Court finds that the motion is due to be granted for the reasons that follow.

---

[1] Markwayne Mullin, the current Secretary of the Department of Homeland Security, is substituted for the former Secretary, Kristi Noem, under Fed. R. Civ. P. 25(d), and the Clerk shall update CM/ECF to reflect this change.

## Background

The State of Florida filed this action in October 2024. The operative amended complaint[2] sought declaratory and injunctive relief regarding Defendants' use of the Systematic Alien Verification for Entitlements (SAVE) system to comply with DHS's obligation under 8 U.S.C. §1373(c)[3] to verify individuals' immigration status upon request of a state. Most pertinent to the issue framed by Plaintiffs' motion, the amended complaint alleged that the SAVE system was an "inadequate tool" to verify immigration status because it required a "unique immigration identifier" to run an inquiry and it could not run an inquiry using a Social Security number (SSN), driver's license number, or other similar identifier.

The case was resolved by a settlement agreement executed by the parties in November 2025. The agreement required the parties to cooperate on "improving and modernizing" the SAVE system, and among other things, it required Defendants to ensure that the system had the capability to (1) "[i]ntegrat[e] with the Social Security Administration to allow searches with full [SSNs] to be used as a non-DHS enumerator"; (2) "[i]ntegrat[e] with the Social Security Administration to allow

---

[2] The amended complaint was filed in November 2025 and added three additional states (Ohio, Iowa, and Indiana) as plaintiffs, but the substantive claims in the amended complaint were the same as those in the original complaint.

[3] This statute provides: "The Immigration and Naturalization Service shall respond to an inquiry by a Federal, State, or local government agency, seeking to verify or ascertain the citizenship or immigration status of any individual within the jurisdiction of the agency for any purpose authorized by law, by providing the requested verification or status information."

searches with last-four-digits SSNs to be used as a non-DHS enumerator"; and (3) "process bulk upload verification requests so that users of the system will not need to input verification requests one-by-one."

On December 1, 2025, the Court entered an order dismissing this case pursuant to Plaintiffs' motion under Fed. R. Civ. P. 41(a)(2). The dismissal order expressly "approved" the settlement agreement and "incorporated [it] by reference" into the order. Doc. 31 at 1–2. And, in the dismissal order, the Court retained jurisdiction for a period of 20 years "for the purpose of enforcement of the parties' settlement agreement." *Id.* at 1.

From December 2025 to June 2026, Defendants performed their obligations under the settlement agreement. Most pertinent to the issues framed by Plaintiffs' motion, Defendants ensured that the SAVE system had the bulk-upload and SSN-search functions.

On June 23, 2026, Defendants disabled the bulk-upload functionality and SSN-search feature of the SAVE system after a district judge in the District of Columbia (Judge Sparkle L. Sooknanan) entered an order vacating those modifications to the system. *See League of Women Voters v. DHS*, --- F. Supp. 3d ---, 2026 WL 1784297 (D.D.C. June 22, 2026). Most pertinent to the issues framed by Plaintiffs' motion, Judge Sooknanan's order concluded that the modifications to the SAVE system violated the Social Security Act and the Privacy Act.

3

On June 30, Plaintiffs filed an emergency motion to enforce the settlement agreement. The motion was accompanied by declarations from state officials in Florida, Iowa, and Ohio, explaining the harm that those states are suffering as a result of their inability to utilize the disabled features of the SAVE system. That harm includes Iowa's inability to comply with a state law requiring verification of citizenship of professional license applicants and Florida and Ohio's inability to comply with state laws requiring verification of the citizenship of registered voters.

The motion was briefed on an expedited basis.[4] The parties did not request a hearing on the motion, and the Court sees no need for one because there are no facts in dispute, the briefing adequately frames the issues in dispute, and time is of the essence in ruling on the motion. Thus, the motion is now ripe for a ruling.

### Analysis

The Court has jurisdiction to consider Plaintiffs' motion to enforce the settlement agreement because the parties agreed in the settlement agreement that "that they will be subject to the jurisdiction of the Court in the event of a violation of this Settlement Agreement." Additionally, the Court expressly reserved jurisdiction in the dismissal order for a period of 20 years for the purpose of enforcing the settlement agreement.

---

[4] In addition to the parties' filings, the Court received an amicus brief from the plaintiffs in Judge Sooknanan's case—the League of Women Voters and the Electronic Privacy Information Center.

4

The Court did not overlook Defendants' argument that the Court does not have jurisdiction to enforce the settlement agreement because the Tucker Act grants the Court of Federal Claims exclusive jurisdiction over actions founded on contracts with the United States.  That argument is frivolous because the settlement agreement is more than a contract since the Court approved it and incorporated it by reference into the dismissal order—making the settlement agreement the "functional equivalent of … a consent decree."  *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002).  Thus, a breach of the settlement agreement is a violation of a court order—which the Court unquestionably has jurisdiction to address.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).

Defendants are plainly in violation of the settlement agreement because it is undisputed that they disabled the bulk-upload and SSN-search features that the agreement expressly required the SAVE system to have.  The fact that Defendants disabled those features to comply with Judge Sooknanan's order does not change the fact that they violated the agreement.

The Court did not overlook the amici's argument (echoed by Defendants) that Defendants are not in violation of the settlement agreement because Judge Sooknanan found the modifications to the SAVE system unlawful and the agreement stated that "[n]othing contained in this Settlement Agreement shall impose on Defendants any duty, obligation, or requirement, the performance of which would

5

be inconsistent with … any federal statute in effect at the time of such performance." The problem with that argument is that the Court implicitly found that the modifications were not inconsistent with federal law when it approved the settlement agreement.[5]  The fact that another district judge subsequently concluded otherwise does not somehow undo that implicit determination.

The Court also did not overlook Defendants' request to defer consideration of Plaintiffs' motion until Judge Sooknanan (or, if necessary, the D.C. Circuit) rules on their request to stay Judge Sooknanan's order pending appeal.  The Court sees no reason to do so because there is no guarantee that a stay will be granted and Plaintiffs submitted unrebutted evidence showing that they are suffering real and concrete harm every day that passes without the disabled features of the SAVE system. Moreover, the principles of comity that might otherwise weigh in favor of deferring consideration of the motion to enforce until Judge Sooknanan and/or the D.C. Circuit determines whether to enter a stay are not entitled to much weight here because if Judge Sooknanan had deferred to this Court's implicit determination that the

---

[5]  Admittedly, the Court did not undertake an extensive assessment of the legality of the features that the settlement agreement required the SAVE system to include when it approved the agreement, but it would not have approved the agreement if it had any concern that those features were unlawful.  And now having reviewed Judge Sooknanan's order and the counter-arguments in Defendants' response (and their briefing in Judge Sooknanan's case), the Court makes explicit what was implicit in the approval of the settlement agreement—the modifications to the SAVE system, including the bulk-upload and SSN-search features, do not violate the Social Security Act or the Privacy Act.

6

modifications to the SAVE system were lawful, the parties (and the courts) would not be in the current predicament.[6]

The Court understands that this puts Defendants in a bind because they are subject to two contradictory orders—one from this Court requiring them to include certain features in the SAVE system and one from Judge Sooknanan prohibiting them from doing so. One of the orders has to give, and not surprisingly, the Court is not persuaded by Defendants' (and the amici's) arguments that its order is the one that should give.

This Court is not bound by Judge Sooknanan's order, and with all due respect, the Court disagrees with the conclusions in that order. For example, with respect to the Social Security Act, even though 42 U.S.C. §405(c)(2)(C)(viii)(I) seemingly precludes the Social Security Administration (SSA) from disclosing SSNs to anyone, that statute does not preclude SSA from doing so in the immigration context because SSNs can provide information about citizenship and 8 U.S.C. §1373(a) expressly provides that "[n]otwithstanding any other provision of Federal … law, a

---

[6] The Court does not fault Judge Sooknanan for not deferring to this Court's implicit determination that the modified SAVE system was lawful because she is no more bound by this Court's rulings than this Court is bound by hers. Indeed, the Court has similarly rejected an agency's reliance on another court's consent judgment as an excuse for not complying with the law as this Court interpreted it. *See Florida v. United States*, 660 F. Supp. 3d 1239, 1267 (N.D. Fla. 2023). That said, it is unfortunate that the parties to this case did not bring Judge Sooknanan's case to this Court's attention before it approved the settlement agreement and/or the parties to Judge Sooknanan's case did not bring this Court's order approving the settlement agreement to her attention sooner than they did so the conundrum that now exists might have been avoided through principles of comity.

Federal … entity or official may not … in any way restrict[] any government entity or official from sending to … [Defendants] information regarding the citizenship or immigration status, lawful or unlawful, of any individual." (emphasis added).[7] Moreover, with respect to the Privacy Act, the modifications to the SAVE system plainly fall within the Act's "routine use" exception in 5 U.S.C. §552a(a)(7), (b)(3), because using SSNs to verify the identity of potential non-citizens is not incompatible with the purpose of SSNs (e.g., "to establish the age, citizenship, or alien status and true identity" of individuals, *see* 42 U.S.C. §405(c)(2)(B)(ii)), and it is undisputed that Defendants published notice of the use of SSNs as part of the modified SAVE system in advance of the order approving the settlement agreement requiring integration of the SSN-search feature.[8]

The Court also did not overlook Defendants' argument that the balance of harms weighs against enforcing the settlement agreement. However, that argument is not persuasive because it focuses only on the potential harm to Defendants in having to comply with two conflicting orders rather than the harm caused to

---

[7] The Court did not overlook Judge Sooknanan's discussion of §1373, but that discussion was not persuasive because it focused more on the perceived purpose of the statute rather than its plain language explicitly overriding any other provision of federal law that would have otherwise prohibited the sharing of information regarding citizenship.

[8] Also, although not argued by the parties, it would seem that the Court's approval of the settlement agreement requiring the SAVE system to be integrated with the Social Security Administration to allow searches with full or partial SSNs implicates the exception in §552a(b)(12) that authorizes disclosure of records "pursuant to the order of a court of competent jurisdiction."

Plaintiffs by Defendants disabling the bulk-upload and SSN-search features required by the settlement agreement. Moreover, in this Court's view, the interests that the amici were purportedly vindicating in Judge Sooknanan's case are far outweighed by Plaintiffs' sovereign interests in ensuring that non-citizens are not on their voter rolls, that unlawfully present aliens are not receiving professional licenses, etc.

Finally, the Court did not overlook amici's argument that the Court cannot grant Plaintiffs the relief they are seeking in their motion because the agency whose cooperation is necessary for the SSN feature is not a party to this case but is a party to Judge Sooknanan's case. That argument is not without some merit, but it does not persuade the Court that it should not order Defendants to comply with their obligations under the settlement agreement and leave it to them to figure out how best to fulfill those obligations.

## Conclusion

In sum, for the reasons stated above, it is **ORDERED** that:

1. Plaintiffs' emergency motion to enforce settlement agreement (Doc. 32) is **GRANTED**, and Defendants shall immediately comply with the court-approved settlement agreement in this case by reinstating Plaintiffs' access to the bulk-upload and SSN-search features in the SAVE system.

2.      The parties shall file a status report 7 days from the date of this Order

regarding Defendants' compliance with this Order and the status of the proceedings

in Judge Sooknanan's case and/or the D.C. Circuit.

**DONE and ORDERED** this 7th day of July, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

10